## Oswald & Co. v. Broderick & Co.

A suit may be brought, and judgment rendered, against a minor, in cases where, on account of the minor's own misrepresentations as to his majority, or from his having engaged in business as an adult, the other party had good reason to believe the minor capable of contracting.

The cases enumerated in section 1489 of the Code, are clearly exceptions to those contracts which may be disaffirmed under section 1488.

Where in an action on a note, one of the defendants pleaded infancy, to which there was a replication, alleging that at the time the note was given, and goods furnished, which were the consideration for the note, the defendant was engaged in business as an adult, and plaintiff had good reason to believe him capable of contracting, which replication was not denied; *Held*, that the replication did not tender an immaterial issue, and not being denied, was admitted; and that the court below erred in finding against what was admitted on the record.

*Appeal from the Lee District Court.*

ACTION on a note. Plea—infancy on the part of Anderson, one of the defendants. Issue taken on plea and replication, alleging that at the time the note was given, and the goods furnished which were the consideration thereof, the defendant was engaged in business as an adult, and plaintiff had good reason to believe him capable of contracting; and also, that the defendant has not returned the money or property received by him by virtue of the contract. Re-

joinder—that no part of the goods alleged to have passed as the consideration of the note, ever came to the possession of Anderson. Trial, finding of facts, and conclusions thereon by the court, as follows: That the defendant, Samuel Anderson, was a member of the firm of D. A. Broderick & Co., at the time the note sued upon was given; that said Anderson was, at that time, a minor of the age of eighteen years; that the plaintiffs did not sustain their first replication in evidence by proof; and that they had not good reason to believe defendant capable of contracting. Judgment in favor of Anderson. Motion for a new trial, which was overruled. Plaintiffs appeal, and assign the following errors:

1. The court erred in not rendering judgment for the plaintiffs on the pleadings.

2. The court erred in overruling the motion for a new trial.

*Miller & Rankin*, for the appellants.

*F. Sample*, for the appellee.

ISBELL, J.—On the part of the appellants, it is urged that so much of their replication as sets up that defendant was engaged in business as an adult, and that plaintiffs had good reason to believe him capable of contracting, remaining unresponded to, must be taken to be true, and that the court erred in finding against it. On the part of appellees, we understand it to be admitted, that this must be taken as true, but it is urged that this much of the replication tendered an immaterial issue; that the true interpretation of the statute is, that an infant may have, until he arrives at majority, and a reasonable time thereafter, to disaffirm his contracts; and it appearing, that the party is still a minor, no recovery could be had against him. The statute referred to, is in the following words: "Section 1488. A minor is bound, not only by contracts for necessaries, but also by his other contracts, unless he disaffirms them within a reasonable time after he attains his majority, and restores to the other party

all money or property received by him by virtue of the contract, and remaining within his control at any time after his attaining his majority.

"Section 1489. No contract can be thus disaffirmed, in cases where on account of the minor's own misrepresentations as to his majority, or from his having engaged in business as an adult, the other party had good reason to believe the minor capable of contracting."

This statute, in our opinion, will not bear the construction contended for. The cases enumerated in section 1489, we regard, as clearly *exceptions* to those contracts which may be thus disaffirmed. Entertaining this view, the issue was material; and it was, therefore, error to find against it, thus tendered, and not joined in by the pleadings.

Judgment reversed.

