Miller, J.
Section 2540 of the Revision of 1860 provides, that “ A minor is bound, not only by contracts for necessaries, but also by his other contracts, unless he dis-affirms them within a reasonable time after he attains his majority, and restores to the other party the money or property received by him by virtue of the contract, and remaining within his control at any time after his attaining his majority.”
Section 2541 enacts, that “No contract can be thus dis-affirmed in cases where, on account of the minor’s own misrepresentations as to his majority, or from his having engaged in business as an adult, the other party had good reason to believe the minor capable of contracting.”
Under the latter section, above quoted, it is insisted by appellant, that the evidence offered was admissible, and competent to bind the appellee, notwithstanding his minority. Where an infant, at the time of making a contract, represents himself to be of full age, when he is not, and thereby deceives the other contracting party, he is estopped from taking advantage of his infancy. Or if, from the minor having engaged in business as an adult, the other party had good reason to believe the minor to be of *344 contracting age, the latter cannot set up his infancy as a defénse to an action on his contract thus entered into. If the infant deceives the other contracting party as to his majority, either by direct misrepresentations made, or by implied misrepresentations, from his having engaged in business as an adult, he is bound by his contracts. Oswald & Co. v. Broderick & Co., 1 Iowa, 380; Prouty v. Edgar, 6 id. 353, 372. But where the party dealing with an infant knows the fact that he is a minor, and therefore incapable of contracting, he is not deceived. The fact that an infant has engaged in business as an adult does not, of itself, necessarily make his contracts binding. It is only when, from that fact, “ the other party had good reason to believe the minor capable of contracting,” that the infant is bound so that he cannot disaffirm his contracts. Having engaged in business as an adult, affords good reason to the other party, not knowing the fact of minority, to believe the minor capable of contracting. But when the fact of minority is known to, the other party, he can have no good reason to believe it to be otherwise from the mere fact of the minor haring engaged in business as an adult.
If, “ on account of the minor’s own misrepresentations as to his majority, or froni his having engaged in business as an adult,” the plaintiff had good reason to believe him capable of contracting, then the contract would be binding. But the evidence showed that the plaintiff knew the defendant to be a minor — knew that he was not capable of contracting — at the time of the sale of the horse. There was no error in its exclusion.
Affirmed.