## JAQUES v. SAX.

1. **Infant**: CONTRACT: WHEN DISAFFIRMED. If a minor who is engaged in business for himself, possesses property and manages his affairs as an adult, persons dealing with him are justified in concluding that he is capable of making contracts.

2. ———: ———: ———. Section 2239 of the Code is not limited to the particular business in which the minor may be engaged, but applies to all contracts he may make.

3. **Evidence**: ADMISSIBILITY: WHEN NOT PREJUDICIAL. In an action against a minor to recover for a breach of contract, when it was shown that the minor was engaged in business as an adult, evidence by the obligee that at the time he entered into the contract he believed defendant was of full age, was without prejudice to the latter. The plaintiff was entitled to recover without the evidence.

Jaques v. Sax.

4. **Infant:** LIABILITY OF. That a minor, engaged in business as a member of a co-partnership, had no property in the stock and only an interest in the profits, does not operate to discharge his liability upon his contract.

*Appeal from Wapello Circuit Court.*

FRIDAY, SEPTEMBER 25.

ACTION upon a written contract whereby defendant and others are bound, each for himself, to pay plaintiff a certain compensation on condition that he secure the release of each from obligations executed by them respectively to the Lamar Insurance Company, to pay for stock in that corporation subscribed by them. The petition alleges the performance of the services by plaintiff contemplated in this contract.

The answer admits the execution of the contract, but, as a defense, sets up the infancy of defendant. There was a trial to the court without a jury, and judgment for plaintiff. Defendant appeals.

*John B. Ennis,* for appellant.

*H. B. Hendershott,* for appellee.

BECK, J.—The right of plaintiff to recover if the defense of infancy is not made out, is not and cannot be questioned under the evidence before us.

It appears from the testimony that defendant is a minor, and that for several years he had been employed in business, receiving and controlling his own wages. For some months before the execution of the contract sued on, he became a partner in a mercantile firm, sharing in the profits but contributing no part of the capital. The co-partnership relation continued until the trial of the action.

I. Code, Section 2239, provides that no contract of a minor can be disaffirmed in cases where, on account of

1. INFANT: contract: when disaffirmed. "his having engaged in business as an adult, the other party had good reason to believe the minor capable of contracting."

Appellant's counsel maintains that the contracts which, under this provision, cannot be disaffirmed, are such as pertain to the particular business in which the minor is engaged, and that, as defendant was in the mercantile business, contracts not made in conducting it are not within this statute. This position cannot be admitted. It is not sustained by the language of the enactment and certainly not by its spirit. Its object is to protect parties who are dealing with infants engaged in business, and for that reason holding themselves out to the world, as they really appear, to be of full age. If they act as adults, possess property and manage their affairs in the same way, persons dealing with them will be justified in regarding them capable of making contracts.

Surely a person regarded in law as being capable of making a contract relating to one kind of business, cannot be considered as incapable of contracting as to other matters. It would, indeed, be a strange inconsistency to hold the promissory note of a minor merchant, given for goods bought for his business, valid, and yet regard a contract made by him for the purchase of land incapable of enforcement against him. The fact of his being engaged in business is evidence upon which one dealing with him is authorized to conclude that he is an adult. If he is to be regarded as an adult he is capable of making contracts relating to all transactions.

II. The notice and petition in an action at law by the receiver of the Lamar Insurance Company upon defendant's obligation to pay for stock in the company, was admitted as evidence over the defendant's objection. On account, probably, of the insufficiency of the abstract, the object for which the evidence was introduced does not appear; we conceive that it was competent for some purpose, as to show the nature of the services of plaintiff, or the like. Whatever may have been the purposes of its introduction, we do not think that defendant was prejudiced by it. There was sufficient evidence without it to establish that defendant was transacting business as an adult. There was no other issue of fact involved in the case.

III.   The plaintiff was permitted to testify, against defendant's objection, that he believed at the time the contract was executed, defendant was of full age.   Counsel claims that the true question to be determined did not involve plaintiff's belief as to defendant's majority, but whether he had good reason to believe it.   Let this, for the sake of argument, be admitted; yet it does not follow that the evidence, if erroneous, is to defendant's prejudice. In addition to the evidence already referred to in regard to the business of defendant, plaintiff testified positively that he had no knowledge defendant was an infant.   Such knowledge, even though defendant was engaged in business as an adult, would defeat plaintiff's action.   *Beller v. Merchant,* 30 Iowa, 350. There was no evidence tending to charge plaintiff with knowledge upon the subject.   He was therefore entitled to recover without the testimony given by him of his belief that defendant was an adult.   Defendant could not have been prejudiced by the evidence.

*3. EVIDENCE: admissibility: when not prejudicial.*

IV.   It is argued by counsel that the evidence does not support the conclusion that defendant was doing business as an adult, and the ground of this argument is that he had no property in the stock of the firm, and his sole interest was in the profits, given him in the place of wages.   Let this view of the evidence be adopted.   Yet it cannot be denied that this is one way of engaging in business as an adult.   His name was associated with the firm in its business.   The law has not regard to the extent of his interest or the manner of his connection with business.   It simply inquires into the fact whether he be engaged in business as an adult.   If it so appear he is liable.

*4. INFANT: liability of minor.*

V.   It is also claimed that the evidence fails to show that plaintiff had good reason to believe defendant to be an adult. Without holding that the fact of defendant being engaged in business, in the absence of express knowledge of his infancy on the part of plaintiff, is sufficient alone to overcome other matters tending to raise a presumption of plaintiff's knowledge of defendant's infancy, we are of the opinion that, upon

the whole evidence, plaintiff had good reason to believe defendant capable of contracting.

AFFIRMED.