# HENRY BURGETT v. JOHN BARRICK.

1. **MINOR; *Statute Construed.*** The language "capable of contracting," in § 3, ch. 67, p. 553, Comp. Laws 1879, is to be understood as "legally capable of contracting," and not that a minor is mentally and physically capable of contracting.

2. **INFANT'S EXECUTORY CONTRACT, *Nature of.*** An infant's executory contract is ordinarily voidable; that is, he may if he choose refuse to execute and comply with its provisions, and may at any time when he is sued upon it before he comes of age, or within a reasonable time thereafter, disaffirm the same. But after he becomes of the age of twenty-one years he cannot disaffirm this contract without returning to the other party what he may have received under it, if he then still possesses or has within his control what he so received.

## *Error from Linn District Court.*

REPLEVIN for two horses, brought by *Burgett* against *Barrick.* Plaintiff alleged ownership, and set up a chattel mortgage on the property sought to be replevied, given by the defendant to one Thomas Bettes, and a note of $99 for which the mortgage was given as security; that the note and mortgage were dated July 30, 1879, payable twelve months after date; that Thomas Bettes assigned the note and mortgage to plaintiff, and that the note was due and unpaid; that demand had been made for the property, which was refused by defendant; that the plaintiff deemed himself insecure, and was in fact insecure. The defendant answered by a guardian *ad litem,* and admitted signing the note and mortgage, but alleged that at the time he signed them he was a minor and of the age of eighteen years only; that the note and mortgage were without consideration, and that he disaffirmed the contract. The plaintiff alleged in his reply and amendment thereto, that the chattel mortgage and note were given under an arrangement and contract between Thomas Bettes and defendant, by which defendant was to trade and deliver to Bettes a mule, and that Bettes was to and did trade and deliver to defendant the horses described in the mortgage, and was to and did receive the note and mortgage described in the petition as boot

or difference between the mule and the horses; that the trade was a good one; that defendant had never offered to return the horses, nor had he ever demanded the mule; that for years before, and at the time of the trade, defendant had been doing business on his own account and as an adult, and that by reason thereof Bettes had good reason for believing the defendant capable of contracting; that the said trade and the execution of the note and mortgage were made with the consent of the father of the defendant, and that the mule traded to Bettes was an animal given to the defendant by his father for the purpose of trading. Trial at the November Term, 1880, when the court charged the jury as follows:

"1. *Gentlemen of the Jury:* The plaintiff brings this action to obtain possession from the defendant of two certain horses, which he claims to recover by virtue of a certain chattel mortgage, which has been read in your hearing. It is admitted by the pleadings and by the parties that the defendant executed to the plaintiff's assignor, Bettes, a note for $99, and executed the mortgage to secure the note. It appears also by a comparison of the date and terms of the note that the note became due before this suit was brought. It is not controverted that the note and mortgage were transferred by Bettes to the plaintiff Burgett, and that the note is not paid.

"2. Upon this state of facts, and upon the admissions of the pleadings, the plaintiff has a *prima facie* case, and would be entitled to recover if nothing further appeared. But it is alleged by the answer on behalf of the defendant, that the defendant at the execution of the note and mortgage was an infant, under the age of twenty-one years. He claims the privilege of an infant to disaffirm and avoid the contract expressed by the note and mortgage. His plea of infancy, if true, and his disaffirmance of the contract, if the note and mortgage in this action are the same note and mortgage, entitle him to a verdict, unless you should find from the evidence that from the defendant's having engaged in business as an adult, Bettes, to whom the note and mortgage were given, had good reason to believe that the defendant was capable of contracting. An infant's executory contract is ordinarily voidable; that is, he may if he choose refuse to execute and comply with its provisions, and may at any time when he is sued upon it, before he comes of age or within a

reasonable time thereafter, disaffirm the same, but after he becomes of the age of twenty-one years he cannot disaffirm his contract without returning to the other party what he may have received under it, if he then still possesses what he so received.

"3. It does not seem to be controverted that the defendant was a minor when he executed the note and mortgage, nor is it controverted that he is still a minor.   He therefore had the right at the commencement of this action, and now has the right, to disaffirm and avoid the note and mortgage by plea of infancy and disaffirmance of the contract, without previously returning the horses to the plaintiff or to Bettes, subject, however, to the question whether by reason of his having engaged in business as an adult, if such is the case, the other party, Bettes, had good reasons to believe that the defendant was capable of contracting at the time the note and mortgage were executed.

"4. There is no claim that he made any misrepresentations as to his minority.   The statute provides that no contract of the minor can be disaffirmed where, from his having engaged in business as an adult, the other party had good reason to believe the minor capable of contracting.

"5. The language 'capable of contracting,' thus used in the statute, is to be understood as 'legally capable of contracting,' and that occurs either when the party has reached the age of majority, or when, being a minor, he has been vested with the legal capacity of adults by act of the legislature, or by judgment of the court in a proper case.

"6. You will therefore consider from the evidence whether by reason of the defendant's having engaged in business as an adult, Bettes had good reason to believe he was 'legally capable of contracting,' either by reason of majority or by reason of having been otherwise legally vested with the legal capacity of adults in reference to this controversy.

"7. Had the defendant in fact engaged in business as an adult?   If so, had Bettes good reason to believe from that fact that the defendant was legally capable of contracting? If you should find that from the evidence these questions ought to be affirmatively answered, then the defendant cannot effectively disaffirm the contract.   If they are answered in the negative, the defendant can and does avoid the contract, and in such case the plaintiff cannot recover.

"8. Under the pleadings in this action, and in view of the

provisions of the mortgage, a previous demand of the property by the plaintiff is not necessary to be shown, if the plaintiff is otherwise entitled to recover.

"9. If you find for plaintiff, the form of your verdict should be, ' We the jury find for the plaintiff, and that he is and was at the commencement of the action entitled to the possession of the property mentioned in the petition.' If you find for the defendant, you should also find the value of the property at the commencement of the suit, and the damages, if any, which the defendant has sustained by the replevin of the property, and the withholding of the same during the pendency of the suit. The measure of such damages is the net value to the defendant of the use of the horses during that period, in the business and in the mode he usually made use of them. If you find for the defendant, the form of your verdict may be, ' We the jury find for the defendant, and we find the value of the property at the time the same was taken in this action was the sum of —— dollars, and we find the damages of the defendant for taking and withholding the same by the plaintiff in this action to be the sum of —— dollars.' "

The jury returned the following verdict: " We find for the defendant, and find the value of the property at the time the same was taken in this action is the sum of $80, and the damages of the defendant for the taking and withholding the same by the plaintiff in the action is the sum of five cents.—F. D. MYRICK, Foreman."

Judgment having been rendered thereon against the plaintiff, he brings the case here.

*W. R. Biddle,* for plaintiff in error.

*Stephen H. Allen,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: As the defendant was a minor at the execution of the note and mortgage set forth in plaintiff's petition, and had not reached his majority at the trial of the action, and as no claim is made of any misrepresentation as to his minority, the principal question for determination is in regard to the charge of the court to the jury. It involves

an interpretation of §3, ch. 67, p. 553, Comp. Laws 1879. The section reads as follows:

"No contract can be thus disaffirmed in cases where, on account of the minor's own misrepresentations as to his majority, or from his having been engaged in business as an adult, the other party had good reasons to believe the minor capable of contracting."

The district court defined the language "capable of contracting" to mean "legally capable of contracting;" and further charged the jury, that this "occurs either when the party has reached the age of majority, or when being a minor he has been vested with the legal capacity of adults by an act of the legislature or by a judgment of a court in a proper case." Counsel for the plaintiff contends that the direction of the court was erroneous, and that the statute makes "his having engaged in business as an adult" a "good reason" for capacity to contract; in short, that the words "capable of contracting," as used in the statute, mean mentally and physically capable of contracting, rather than legally capable of contracting. We disagree with this interpretation, and adopt the exposition of the statute given by the learned trial judge to the jury.

The other questions in the case do not need any lengthy comment. Defendant was not of age at the trial, and the property exchanged for the horses held by him was out of the control of the defendant, or Bettes, to whom defendant executed the note and mortgage.

The judgment of the district court will be affirmed.

All the Justices concurring.