HENRY J. DILLON v. BURNHAM, HANNA, MUNGER & COMPANY.

1. CONTRACT OF MINOR — *Defense of Infancy, When not Good.* The contract of a minor cannot be disaffirmed where, on account of his own misrepresentations as to his majority, or from having engaged in business as an adult, the other party has good reason to and does believe the minor capable of contracting; and in an action thereon during minority or afterward, the defense of infancy is not available.

2. ———— *Attachment, as in Other Cases; Judgment Enforced.* In an action to enforce such a contract, an order of attachment may be obtained for the same reasons as in other cases, and the judgment rendered thereon may be enforced by the usual proceedings employed in executing the ordinary judgments given against other parties.

*Error from Clark District Court.*

BURNHAM, HANNA, MUNGER & COMPANY brought an action against *Henry J. Dillon* to recover the sum of $414.74 for merchandise purchased from them by Dillon. The defendant answered by a duly-appointed guardian *ad litem,* denying each and every allegation made by the plaintiffs; and for

further answer alleged that Henry J. Dillon is a minor; that the goods and merchandise for which the action was brought were not necessaries suitable to the defendant's condition, but were furnished for trade and commerce; that defendant had never been vested with the legal capacity of an adult by an act of the legislature, nor had the power to contract been conferred upon him by the district court or probate judge of Clark county, nor by any other court. He therefore asked that defendant be allowed to avoid and disaffirm the contract, be discharged from the debt, and that he recover his costs in the action. Plaintiffs filed a reply, stating that they neither denied nor admitted that the defendant was a minor at the time the debts sued on were contracted, but alleged that he had been for a long time engaged in business as an adult, and that plaintiffs had good reason to and did believe that he was over the age of twenty-one years, and legally capable of contracting. The action was tried at the November term, 1887, of the district court, when special findings of fact were made as follows:

### "QUESTIONS BY DEFENDANT.

"1. How old is Henry J. Dillon, the defendant, at this time? A. The evidence of birth and record of the Bible show he was born August 11, 1867; age at this time, 20 years, 3 months, 18 days.

"2. How old was Henry J. Dillon, the defendant, at the time the account herein sued on was contracted? A. Twenty years."

"8. Had the defendant, at the time of purchasing the goods, wares and merchandise embraced in the account herein sued on, or at any time since, been vested with the legal capacity of contracting as an adult by an act of any legislature or by the district court of Clark county, Kansas, or by any other court? A. No.

"9. Did Henry J. Dillon, the defendant herein, misrepresent his age as to his majority to these plaintiffs, or either of them, or any of their agents, for the purpose of obtaining credit for the goods, wares, and merchandise herein sued on? A. No."

"11. Did defendant, Henry J. Dillon, obtain the credit for the goods, wares, and merchandise herein sued on by reason

of any communication made by any person to these plaintiffs, or either of them, or any of their agents, on the strength that said Dillon had represented to any person who had communicated to these plaintiffs or either of them, that he was twenty-one years of age ? A. No."

"QUESTIONS BY PLAINTIFFS.

"1. Was the defendant, Henry J. Dillon, at the time that the goods for the price of which this action is brought were purchased, in fact under the age of twenty-one years ? A. Yes.

"2. If you should answer the last question in the affirmative, then you may answer the following question: Was Henry J. Dillon, at the time said goods were purchased, engaged in business as an adult ? A. Yes.

"3. Under what name was the mercantile business of which said goods formed a part of the stock in trade considered ? A. Henry J. Dillon.

"4. Had the firm from whom the goods were purchased good reason to believe from the defendant's being engaged in business as an adult, that he was legally capable of contracting ? A. Yes.

"5. Had Henry J. Dillon represented to the governor that he was 21 years old ? A. Yes.

"6. Had not Henry J. Dillon bought and sold land before and after he bought the goods now sued for ? A. Yes.

"7. Did he not sign deeds as an adult ? A. Yes.

"8. Did not Henry J. Dillon execute and sign a chattel mortgage as an adult ? A. Yes.

"9. Had not Henry J. Dillon paid poll-tax as an adult ? A. Yes."

In the general verdict the jury found for plaintiffs in the sum of $414.74. A motion was made by the defendant to enter judgment upon the special findings of the jury, the general verdict to the contrary notwithstanding, which motion, as well as one for a new trial, was overruled, and judgment rendered for plaintiffs. Defendant brings the case to this court for review.

*Dawson Smith*, for plaintiff in error.

*W. A. McCartney, J. M. Thomas*, and *J. D. McFarland*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: There are two questions presented for our consideration: First, was Dillon bound by the contract which he made? And second, could a judgment based thereon be enforced against his property? In the absence of the evidence, we must assume that there was sufficient testimony to sustain the special findings and general verdict of the jury. From the findings, it appears that Dillon was only twenty years of age when the goods were purchased and the contract in question was made by him, and that he was still a minor when the trial occurred. Although the attachment proceeding was based on the alleged fraudulent purpose and conduct of Dillon, it is found that no misrepresentations as to his age were made by him for the purpose of obtaining credit. It is found, however, that prior to the purchase of the merchandise he was engaged in business as an adult, had bought and sold land as such, had represented to the governor that he was twenty-one years old, had paid poll-tax as an adult, and had executed deeds and mortgages as an adult; and further, that the firm from whom the goods were purchased had good reason to believe from his having been engaged in and carried on business as an adult, that he was legally capable of contracting. Notwithstanding these facts, he insists that his contract should be avoided; and this without restoring to the other party any of the property received by virtue of the contract. We think the contract was binding upon Dillon, and that the court ruled correctly in rendering judgment against him.

It is not necessary to follow counsel for plaintiff in error in his argument in regard to the *status* of minors under the common law, as we must be governed by our statutes in determining the liability of the minor under his contract and the other questions presented in the case. In chapter 67 of the Compiled Laws, the following provisions are found:

"SEC. 2. A minor is bound, not only by contracts for necessaries, but also by his other contracts, unless he disaffirms them within a reasonable time after he attains his majority,

and restores to the other party all money or property received by him by virtue of the contract, and remaining within his control at any time after his attaining his majority.

"SEC. 3. No contract can be thus disaffirmed in cases where, on account of the minor's own misrepresentations as to his majority, or from his having engaged in business as an adult, the other party had good reasons to believe the minor capable of contracting."

The facts of the present case bring it within one of the exceptions of the statute preventing the disaffirmance of a minor's contract. All contracts of minors are binding unless disaffirmed. No affirmative act of ratification is needed to make them effectual, but an act of disaffirmance is required to relieve a minor from liability upon any contract made by him during his minority. Some of his contracts, however, are treated the same as those of an adult, and cannot be disaffirmed either before or after majority. When he misrepresents his age, or where he engages in business as an adult, thus giving the other party to the contract good reason to believe that he has reached majority, or is legally capable of contracting, the defense of infancy is not available. If the other party is deceived either by the minor's direct misrepresentation or by implied misrepresentation by reason of his conduct in carrying on business as though he was legally capable of doing so, the contract which he makes may be enforced like that of an adult. Dillon's contract must be held binding upon the latter ground, as the jury has found that he was engaged in business as an adult at the time the debt was contracted, and that the other party had good reason to believe from the implied misrepresentation arising from his conduct that he was legally capable of contracting.

1. Defense of infancy, not good.

It is contended by plaintiff in error that from the use of the words in § 3, "No contract can be *thus* disaffirmed," etc., reference is made to the time of disaffirmance in § 2, under which he claims disaffirmance is only permitted after majority is reached, and therefore the provisions of § 3 cannot apply where a person seeks to avoid a contract during minority.

The position is not sound. As to such contracts as may be avoided, the minor may, if he chooses, refuse to execute and comply with their provisions at any time when he is sued upon them before he comes of age, as well as for a reasonable time afterward. (*Burgett v. Barrick*, 25 Kas. 526.) The cases mentioned in the statute like the present one, in which disaffirmance is not allowed, are clearly to be regarded as exceptions from the general rule affording minors immunity from liability on their contracts. As to such excepted cases, the contracts are to be treated and enforced by the courts to the same extent as those of an adult. This was the view of the supreme court of Iowa on a statute exactly similar to ours. (*Oswald v. Broderick*, 1 Iowa, 381; *Prouty v. Edgar*, 6 id. 353; *Beller v. Marchant*, 30 id. 350; *Jaques v. Sax*, 39 id. 367; *Childs v. Dobbins*, 55 id. 205.) The act of the legislature authorizing the district courts to confer the rights of majority on minors in certain cases does not repeal or modify the provisions quoted, or in any way affect the decision of the questions involved.

The second point raised by plaintiff in error must also be overruled. Where the contracts of a minor are binding upon him and may be reduced to judgment, they certainly may be enforced by appropriate writs or proceedings. It would be idle to authorize the enforcement of a contract and the rendition of a judgment if such judgment could not be made effective when given. As the courts have authority to require a minor who cannot disaffirm to appear and

2. Attachment, as in other cases; judgment enforced.

answer, and to be bound by judgment rendered against him, it follows that, in the absence of statutes to the contrary, writs of attachment, or other appropriate proceedings to require a satisfaction of the judgment, may be obtained as in other cases. (Freeman on Executions, § 22.)

The judgment of the district court will be affirmed.

All the Justices concurring.