JOSEPH SZWED, Respondent, v. MORRIS COMPANY, Appellant.

Kansas City Court of Appeals, February 1, 1915.

1. NEGLIGENCE: Personal Injuries: Compromise: Foreign Statute: Minor. An employee of a meat packing corporation in Kansas was injured by falling from the top of a car in use by the plant. He compromised his claim for damages for $200 and then brought an action in Missouri, alleging he was not twenty-one years of age. Defendant pleaded a Kansas statute to the effect that if a minor represented himself of age he could not disaffirm his contract; and, if he was working as an adult, and his

Szwed v. Morris Company.

employer believed and had good reason to believe that he was "capable of contracting," he could not disaffirm. It was *held* that under the law of Kansas the statute meant legally and not mentally capable. These exceptions in the statute placed a minor in the position of an adult.

2. ———: **Settlement: Fraud.** Where a settlement is made with one who did not understand the English language, but was accompanied by a friend of his nationality who did, and who interpreted for him, and there was no fraud practiced by the other party, there is no ground for setting aside the settlement.

Appeal from Jackson Circuit Court.—*Hon. A. C. Southern,* Judge.

REVERSED.

*Sebree, Conrad & Wendorff* for appellant.

*Prince & Harris* for respondent.

ELLISON, P. J.—Defendant operates a meat packing establishment in the State of Kansas and plaintiff was engaged in its service in that State and while so engaged was injured, as he alleges, through defendant's negligence. He brought this action for damages and recovered judgment in the trial court.

Plaintiff's employment was that of icing refrigerator cars (putting ice in them) used by defendant in shipping meats. His work was on top of the cars and the mode of his work was to push a large bucket filled with ice and swinging from a rail by which it was conveyed along the cars by pushing. In pushing one of these buckets, which swung from the height of his head down to the middle of his body, he failed to observe that he was approaching the end of the car and in consequence he stepped off, falling to the ground and receiving his injury.

Plaintiff alleged that he was less than twenty-one years of age and defendant set up in its answer that in consideration of $200 plaintiff compromise and set-

tled his claim and executed a release thereof. Defendant also pleaded the following statute of Kansas relating to infancy, viz: "Sec. 5061. Contracts. Sec. 2. A minor is bound not only by contracts for necessaries, but also by his other contracts unless he disaffirms them within a reasonable time after he attains his majority, and restores to the other party all money or property received by him by virtue of the contract and remaining within his control at any time after attaining his majority."

"Sec. 5062. Misrepresentations. Sec. 3. No contract can be thus disaffirmed in cases where, on account of the minors own misrepresentations as to his majority, or from his having engaged in business as an adult, the other party had good reason to believe the minor capable of contracting." [1 General Statutes, Kansas, 1909, page 1129.]

It is then set up by defendant that plaintiff represented himself to be twenty-one years of age and that defendant believed he was at the time of the settlement. It is then set up that plaintiff did not disaffirm his contract of settlement in a reasonable time, nor did he return the money received. Plaintiff, by way of reply, charged that the settlement was obtained by fraud.

The evidence showed that defendant paid thereof $200 in settlement of his claim and took a release thereof; and that plaintiff represented himself to be over twenty-one years old and that defendant believe and had good reason to believe that he was. There was likewise evidence showing that plaintiff did not understand the English language.

We think there was no substantial evidence of fraud. There was a great deal of innuendo in the progress of the trial, but no evidence. While on the other hand the evidence in defendant's behalf leaves no ground for just suspicion and hence no aid was given plaintiff's case by its effort in defense. While we have

said there was enough to justify the court in overruling defendant's demurrer to the evidence, yet we regard the case as a very doubtful one, especially as to that part of it relating to contributory negligence. It was, therefore, such a case as any claimant might well desire to compromise and settle. It is undisputed that in about seventeen days after he was hurt, plaintiff went to the packing plant with a man of his nationality named Wesoloski with whom he was then boarding, and had been before he was hurt. The settlement was made with defendant's agent, plaintiff's friend interpreting for him, and a man named Sopcic assisting the agent. After considerable talk, $200 was agreed upon. Plaintiff concedes he took the money. That, he signed the release, but that he did not understand it. That the paper shown him at the trial might be some other paper. But we have not found anything showing fraud on defendant's part. Plaintiff was with his friend and countryman. He knew that he was getting $200, and what it was for. So that, though it should be admitted he did not understand the paper, it would not be a controlling factor. A settlement is not required to be in writing.

Aside from fraud, the only question on this branch of the case arose under the foregoing statute. The statute (Section 5062, Vol. 1, Statute of Kansas 1909, page 1129) will not permit a minor to disaffirm his contract in instances where the other party was deceived by his representation that he was twenty-one years old; or such other party had good reason to believe he was capable of contracting from the fact that he was engaged in business as an adult. In our opinion, there is nothing in the evidence to cast a doubt on defendant's bona-fide belief that plaintiff was of age, that he was working as an adult and was legally capable of contracting. These instances in which a disaffirmance is not allowed are exceptions to

the general rule of law of infancy; and. as to them, the contracts of an infant are to be treated and enforced as those of an adult. [Dillon v. Burnham, 43 Kansas, 77; Jacques v. Sax, 39 Iowa, 367; Bellar .v. Merchant, 30 Iowa, 350.]

We gather from instructions, as amended by the court, that it was plaintiff's theory that not only should defendant's agent have believed and had good reason to believe that plaintiff was twenty-one years of age, but also that he was "capable of contracting." It is true those words are used in the statute but they are interpreted by the Supreme Court of Kansas to mean, legally capable and not mentally. [Burgett v. Barrick, 25 Kansas, 526 (top page 366.)] It seems to us that to permit the annulment of settlements made, as the evidence shows the one in controversy was, would be, in effect, to disallow them altogether.

The judgment should be reversed. All concur.