No. 31,044.

JOHN W. McCLURE et al., doing business as the McCLURE MOTOR COMPANY, a Copartnership, *Appellee,* v. HAROLD IRWIN, *Appellant.*

(21 P. 2d 403.)

Opinion filed May 6, 1933.

*W. H. Coutts, Jr.,* and *Chris L. Aikman,* both of El Dorado, for the appellant.
*K. M. Geddes* and *Stanley Taylor,* both of El Dorado, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover a balance due on a note and chattel mortgage executed by a minor.

On May 31, 1930, the defendant, Harold Irwin, purchased a Ford roadster from plaintiff and, to secure payment of a part of the purchase price, executed a combined note and chattel mortgage for $274.70, which included a list of questions and answers, viz.:

"Residence: 415 South Star. City: El Dorado. County: Butler, Kansas. Occupation: Confectionery. Employed by: Self. Business address: El Dorado Swimming Pool. Previously employed by: Self. Have bank deposit with: El Dorado National. Age: 18. Number of dependents: None. Owe any debts: None. References: W. H. Irwin, 415 S. Star St., El Dorado, Kansas."

His father also signed the note and mortgage.

On June 6, 1930, the defendant traded the roadster to plaintiff for a coupé and gave another note and mortgage for $374, which contained similar questions and answers and showed his age to be 18. His father also signed this note and mortgage.

On August 22, 1930, the defendant traded the coupé for a delivery automobile and gave another note and mortgage which contained similar questions, although the record as abstracted makes no showing as to age.

When this last note and mortgage was executed, the father did not sign, telling plaintiff's salesman that he didn't want to sign the note with Harold this time—that he would stand back of him on anything he did—that he wanted Harold to feel the responsibility.

Default was made by the defendant, and plaintiff brought a replevin action to recover the delivery car but, before the action was finally disposed of, defendant surrendered the car to the plaintiff, who sold it according to law, credited the proceeds on the note and chattel mortgage, and instituted the present action to recover a balance due. The defendant, answering by his guardian *ad litem*, admitted the execution and delivery of the note and chattel mortgage and alleged, among other things, that at the time he received the car he was a minor; that he is 19 years of age; that he was not engaged in business for himself; that the car was not a necessary; that he had returned the car and thereby rescinded and disaffirmed the contract.

Trial was had to a jury, and the facts with reference to the three automobiles were shown, as well as evidence which showed that the defendant had been engaged in business for himself at the times the various cars were purchased. Defendant demurred to plaintiff's evidence and the demurrer was overruled. Thereafter the trial

proceeded, and the case was submitted to the jury under written instructions against which plaintiff lodged no complaint and which are referred to because it is stated therein that it is admitted that Harold Irwin was a minor at the time he bought the delivery car, that the car was not a necessary under the statute, and because, without summarizing the same, it is evident the court's theory was that defendant's engaging in business determined the matter rather than that the defendant was a minor and that plaintiff knew it when it dealt with him. As the appeal is decided on the correctness of the court's ruling on the demurrer, it is not necessary to show the answers of the jury to the special questions propounded nor whether defendant was entitled to judgment thereon.

Two sections of the statute are applicable here:

"A minor is bound not only by contracts for necessaries, but also by his other contracts, unless he disaffirms them within a reasonable time after he attains his majority, and restores to the other party all money or property received by him by virtue of the contract and remaining within his control at any time after his attaining his majority."

"No contract can be thus disaffirmed in cases where, on account of the minor's own misrepresentations as to his majority, or from his having engaged in business as an adult, the other party had good reasons to believe the minor capable of contracting." (R. S. 38-102, 38-103.)

These sections have been a part of our statutes since 1859 (Laws 1859, ch. 96, §§ 2, 3), were embodied in the revision of 1868 (G. S. 1868, ch. 67, §§ 2, 3), and have not been changed since first enacted. They seem to have been taken almost literally from the Iowa statutes, where they appear as early as 1851 (Iowa Code 1851, §§ 1488, 1489), the latter section being identical with our R. S. 38-103.

In *Burgett v. Barrick*, 25 Kan. 526, where a minor who had not misrepresented his age was sued on a chattel mortgage, the principal question was the correctness of the lower court's instructions, and this court said:

"The district court defined the language 'capable of contracting' to mean 'legally capable of contracting;' and further charged the jury that this 'occurs, either when the party has reached the age of majority, or when, being a minor, he has been vested with the legal capacity of adults by an act of the legislature, or by a judgment of a court in a proper case.' Counsel for the plaintiff contends that the direction of the court was erroneous, and that the statute makes 'his having engaged in business as an adult' a 'good reason' for capacity to contract; in short, that the words 'capable of contracting,' as used in the statute, mean mentally and physically capable of contracting, rather than legally capable of contracting. We disagree with this interpreta-

tion, and adopt the exposition of the statute given by the learned trial judge to the jury." (p. 530.)

In *Dillon v. Burnham*, 43 Kan. 77, 22 Pac. 1016, Dillon defended a claim for merchandise sold him on the ground he was a minor, and in answer to special questions the jury found he had not misrepresented his age to the plaintiffs, but that he was engaged in business as an adult, conducting a mercantile business; that he had represented to the governor he was 21 years old; that he had bought and sold real estate and given deeds therefor; that he had executed chattel mortgages as an adult and had paid poll tax and that the company had good reasons to believe him legally capable of contracting. In disposing of the appeal, this court, speaking through the then Justice, now Chief Justice, Johnston, said:

"When he misrepresents his age, or where he engages in business as an adult, thus giving the other party to the contract good reason to believe that he has reached majority, or is legally capable of contracting, the defense of infancy is not available. If the other party is deceived, either by the minor's direct misrepresentation or by implied misrepresentation by reason of his conduct in carrying on business as though he was legally capable of doing so, the contract which he makes may be enforced like that of an adult. Dillon's contract must be held binding upon the latter ground, as the jury has found that he was engaged in business as an adult at the time the debt was contracted, and that the other party had good reason to believe from the implied misrepresentation arising from his conduct that he was legally capable of contracting." (p. 81.)

The question here presented has not been before this court, but it was before the Iowa court in *Beller v. Marchant*, 30 Ia. 350, 351, and in discussing the proposition of age, representations, knowledge, etc., it was said:

"Where an infant, at the time of making a contract, represents himself to be of full age, when he is not, and thereby deceives the other contracting party, he is estopped from taking advantage of his infancy. Or if, from the minor having engaged in business as an adult, the other party *had good reason to believe* the minor to be of contracting age, the latter cannot set up his infancy as a defense to an action on his contract thus entered into. If the infant *deceives* the other contracting party as to his majority, either by *direct* misrepresentations made, or by *implied* misrepresentations, from his having engaged in business as an adult, he is bound by his contracts. *Oswald & Co. v. Broderick & Co.*, 1 Iowa 380; *Prouty v. Edgar*, 6 id. 353, 372. But where the party dealing with an infant knows the fact that he is a minor, and therefore incapable of contracting, he is not deceived. The fact that an infant has engaged in business as an adult does not, of itself, necessarily make his contracts binding. It is only when, from that fact 'the other party had good reason

to believe the minor capable of contracting,' that the infant is bound so that he cannot disaffirm his contracts. Having engaged in business as an adult affords good reason to the other party, not knowing the fact of minority, to believe the minor capable of contracting. But when the fact of minority is *known* to the other party, he can have no good reason to believe it to be otherwise from the mere fact of the minor having engaged in business as an adult."

The above decision does not seem to have been modified by the Iowa supreme court, but has been cited in subsequent decisions involving rights of minors.

Notwithstanding there was evidence that Harold Irwin had been engaged in business for himself, it was clearly shown that when he purchased the cars from the plaintiff he not only did not misrepresent his age, he affirmatively showed he was a minor, and with that knowledge at hand the plaintiff knew that he was not legally capable of contracting—that the only way he could be legally capable of contracting would be through having the rights of majority conferred upon him, and no one claims that was done. If it was done, the burden was on the plaintiff to show it. The plaintiff, aware of the fact that the defendant was a minor, dealt with him and knew that as a minor he had a right to disaffirm, which he did in a somewhat belated manner. Under the circumstances it cannot be said, as a matter of law, that plaintiff had good reason to believe the minor capable of contracting; the converse is true—that when plaintiff knew of defendant's minority, it could have no good reason to believe him capable of contracting.

It follows that the demurrer to the plaintiff's evidence should have been sustained, and on account thereof, it is not necessary to discuss other matters of which complaint is made.

The judgment of the lower court is reversed, and the cause is remanded with instructions to render judgment for the defendant.

DAWSON, J. (dissenting): The statute R. S. 38-103 is formulated in recognition of the possibility that a minor may be capable of contracting. It specifically provides that "if the other party has good reasons to believe *the minor capable of contracting,*" the contract cannot be disaffirmed. I therefore dissent.