LANCE v. THE C. M. & ST. P. R. Co.

1. **Railroads:** AWARD OF DAMAGES: APPEAL: OWNER AND MORTGAGEE. Where, in the condemnation of land for railroad purposes, the award of damages was made to the owner and the mortgagee jointly, on proper notice to both parties, the owner may prosecute an appeal therefrom without uniting the mortgagee as a party to such appeal.

2. ———: RIGHT OF WAY: GROWING CROPS: DAMAGES. If growing crops were destroyed by the appropriation of the right of way and entry thereunder, the owner may prove the value of the crops as an element of damage.

3. ———: BUILDINGS: INCREASED RISK: EVIDENCE. Evidence of the value of the buildings and a grove, and the increased hazard from fire by reason of their proximity to the track, was improperly admitted. It was proper to show the situation, and its effect upon the value of the property may be considered, but the increased danger of the destruction of buildings, and the like, by fire, is too remote and contingent for legal inquiry.

*Appeal from Osceola Circuit Court.*

TUESDAY, MARCH 21.

THIS is a proceeding to condemn a right of way for the defendant's railroad across certain improved land owned by the plaintiff. It appears from the assessment of the commissioners appointed by the sheriff that one Ozias was the owner of a mortgage upon the farm, and the damage occasioned by the taking of a right of way, was assessed to the plaintiff and Ozias jointly. From this assessment the plaintiff appealed to the Circuit Court by serving a notice of appeal upon the railroad company within the proper time. Afterward the defendant filed a motion to dismiss the appeal because Ozias does not join therein. Thereupon the plaintiff served a notice on Ozias to the effect that he had appealed from the assessment made by commissioners appointed by the sheriff, and stating that the appeal would be for trial at the next term of the Circuit Court. The motion to dismiss the appeal was overruled.

There was a trial by jury, which resulted in an award of dam-

ages greater in amount than that allowed by the commissioners appointed by the sheriff. From this award the railroad company appeals.

*George E. Clark* and *M. B. Carey*, for appellant.

*I. I. Bell* and *Argo & Kelly*, for appellee.

ROTHROCK, J.—I. The first point presented in the record involves the question whether the motion to dismiss the appeal, because Ozias, the mortgagee, did not join therein, should have been sustained. Whether it is necessary to make a mortgagee a party to proceedings to condemn land for a right of way, we need not determine. In this case it appears that the assessment was made to the owner of the land and to the mortgagee jointly. We will presume it was done on proper notice to both these parties. We have, then, the question, whether the owner in such case must be denied the right to maintain an appeal because the mortgagee neglects or refuses to join therein. In *C., R. I. & P. R. R. Co. v. Huse*, 30 Iowa, 73, it was held that where damages are assessed jointly to two persons as owners of the *land*, an appeal cannot be taken and prosecuted by one of them without uniting the other therein, or making him a party thereto, by notice or otherwise. The reasoning in that case has no application to the case at bar, simply because the rights of a joint owner and those of a mortgagee are wholly different. Where an award has been made in favor of the owner and mortgagee jointly, the mortgagee may be entirely content with the award, or his security may be such that it is a matter of indifference to him whether any award whatever is made. The land may be ample security for his debt, with the incumbrance of the right of way upon it. In such case it would be a great hardship to deny the owner of the land the right to prosecute an appeal because the mortgagee declined to incur the expense of joining therein; and

*Margin note: 1. RAILROADS: award of damages: appeal.*

further, the defendant cannot be prejudiced by the failure of the mortgagee to join in appeal. His rights, with reference to the right of way, were adjudicated by the commissioners appointed by the sheriff, and he is thereby estopped by such adjudication from enforcing his mortgage against the right of way.

II. At the time the railroad company entered upon the right of. way there were crops growing thereon, which were

2. ——: right of way: growing crops: damages.

destroyed by the building of the road. The court permitted the plaintiff to prove the value of the growing crops as an element of damages. Objection was made to this, and the ruling of the court thereon is assigned as error. The ruling was unquestionably correct. The condition of the land at the time the defendant entered upon it was proper to be shown. The measure of compensation for the right of way is the difference in the value of the land immediately before, and the value after the right of way is taken, excluding the benefits of the road to the farm.

III. The right of way was taken along the edge of a grove of trees which stand between the house and other buildings

3. ——: buildings: increased risk: evidence.

and the railroad. A number of witnesses were permitted to testify that, owing to the proximity of the grove to the track, there was danger of fire from the engines, running through the dry leaves and destroying the grove and the buildings upon the farm; and testimony was admitted as to the value of the grove and the dwelling-house. All of this evidence should have been excluded for two reasons:

1st. The evidence as to continual danger from fires set out by the engines used in operating the road was incompetent, because mere matter of opinion upon a question not involving science or skill. It was competent to show the situation of the grove and building, and the jury were as well qualified as the witnesses to determine the probable effect upon the property by the operation of the railroad.

2d. The testimony as to the grove and dwelling-house was given in the same connection as that pertaining to the danger from the escape of fire. The jury could have understood the evidence admitted in no other way than that it was allowable to take into consideration the value of the grove and house, upon the theory that they would probably be destroyed by fire. In this view, and indeed in any view, we think, all this evidence was improperly admitted. The compensation allowed for right of way should be direct and proximate, and not remote and contingent upon circumstances which may or may not transpire.

In *Henry v. D. & P. R. R.*, 2 Iowa, 288, the rule was laid down that when by the taking of a right of way the remaining land is thrown open and left in a manner unfenced, this fact will properly enter into consideration in arriving at the depreciated value of the remaining premises; but that the allowance of damages by estimating the value of the fences necessary to be built to again enclose the land, was not permissable. The rule in that case has been repeatedly followed by this court. Now, applying that rule to the evidence admitted in this case, it is plain that no estimate can be made in the way of compensation for the value of property which may be destroyed by fire, and without the fault of the railroad company. The most that can be claimed is that it is competent to take into consideration the risk of fire set out by defendant without its fault, and by reason of the operation of the road through the premises. But this risk, or hazard, or exposure of the property, is an entirely different question from that involved in its destruction by fire without the fault of the company. In the one case, while the risk may somewhat decrease the value of the property, and is a legitimate consideration for what it may be worth in fixing the compensation to the owner, in the other case the destruction of buildings, groves, or the like by fire, is a field of inquiry, so remote and contingent as to be without and beyond any range of damages known to the

law. Of course it will be understood that we are treating of such risks and hazard from fire as result from the operation of the road in such a manner that if fire should escape there would be no liability as against the railroad company. For its negligence it would be liable to the owner, and this element should not be taken into account in estimating the compensation.

The foregoing discussion disposes of all the material questions involved in the case. For the *error* in admitting the objectionable evidence the judgment will be

REVERSED.