DIXON v. THE ROCKWELL, SAC & DACOTA RAILWAY COMPANY.

**Railroads:** RIGHT OF WAY: APPEAL: PARTIES: OWNER AND MORTGAGEES. Where damages for right of way are awarded jointly to the owner and the mortgagees of the land, upon notice to all of them, the mortgagor may maintain an appeal from the award without making the mortgagees parties thereto. (*Lance v. Chicago, M. & St. P. Ry. Co.,* 57 Iowa, 636, *followed*).

*Appeal from Calhoun District Court.*—HON. J. P. CONNER, Judge.

FILED, OCTOBER 5, 1888.

THE facts are stated in the opinion.

*O. J. Jolley,* for appellant.

*J. C. Kerr,* for appellee.

SEEVERS, C. J.—The defendant sought to condemn a right of way over certain real estate, and for this purpose caused a notice to be served on the plaintiff as owner, and Palmer & Searight and John T. Searight, trustees, for certain parties holding mortgages on the real estate, of its application to the sheriff to cause commissioners to be appointed to assess the damages. The commissioners made a joint assessment of damages to the parties above named. The plaintiff appealed from such assessment by serving notice of appeal on the sheriff and defendant. The latter filed a motion to

dismiss the appeal, because the trustees of the mort-gagees did not join in the appeal; and thereupon the plaintiff asked leave to bring in and make said trustees. parties to the appeal in case they refused to join therein. The motion of the defendant to dismiss the appeal was. overruled, and the motion of the plaintiff sustained. Thereupon there was a trial and judgment rendered for the plaintiff. The only question we are required to determine is whether the court erred in refusing to dismiss the appeal. The case is in all respects like *Lance v. Chicago, M. & St. P. Ry. Co.*, 57 Iowa, 636; and counsel asks us to overrule that case. This we are not prepared to do, but, following it, the judgment of the district court must be

AFFIRMED.