FIRST NATIONAL BANK OF TITONKA v. J. CASEY and L. HALVORSON, Appellants.

**Appeal by infant:** JURISDICTION: DISMISSAL. Although an appeal
1   taken by a minor himself rather than through his guardian is irregular, still the court will acquire jurisdiction thereby, and the appeal should not be dismissed for that reason.

**Appeal:** PARTIES: DISMISSAL. A member of a co-partnership against
2   whom judgment was entered on default need not be made a party to an appeal by the other, as a reversal of the judgment could not affect him prejudicially; and failure to serve the co-partner with notice was not ground for dismissal of the appeal.

**Infants:** CONTRACTS: DISAFFIRMANCE: EVIDENCE. A minor is bound
3   by his contracts regardless of whether he is under guardianship, unless he disaffirms within a reasonable time and returns the property received which is still in his possession, except in cases where

the contract was obtained by misrepresentation of his age, or from having engaged in business as an adult and the other party. had good reason to believe him capable of contracting. In the instant case the question of whether plaintiff had good reason to believe the minor capable of contracting was for the jury.

**Same:** EVIDENCE OF MINORITY. The appearance of a minor as a witness in an action to which he was a party, was a matter to be considered in determining whether from having engaged in business on his own account the other party to the contract had good reason to believe him a minor.

*Appeal from Kossuth District Court.*—HON. A. D. BAILIE, Judge.

SATURDAY, DECEMBER 14, 1912.

ACTION on promissory notes resulted in verdict being directed against defendant Halvorson and judgment entered thereon. He appeals. *Reversed.*

*Oliver Gordon* and *Quarton & Hastings*, for appellant.

*E. A. & W. H. Morling* and *E. V. Swetting*, for appellee.

LADD, J.—One John Casey and Carl Halvorson formed a partnership, which operated a meat market in Titonka in September, 1909. After a short time Halvorson sold his interest in the business to his brother, L. Halvorson, who became a partner of Casey in the business. About August 1, 1910, the latter sold out to the defendant, who conducted the business in his own name until October 3d following, when the building containing the market was burned down. The partnership composed of Casey and defendant was indebted to the plaintiff on notes executed to cover moneys used in carrying on the business, and this action was brought to recover the amount due thereon. Judgment by default was entered against Casey. Halvorson suggested his minority,

and that his mother, Emma Halvorson, had been appointed his guardian August 28, 1900, and prayed that she .be permitted to defend. Thereupon the guardian filed an answer putting in issue the allegations of the petition with respect to the indebtedness, and alleging that the defendant would not attain his majority, until December 19, 1911, and praying that he go hence with his costs. The plaintiff in its reply alleged that the moneys were actually advanced to defendant. for which the notes were executed while he was engaged as an adult in operating a meat market at Titonka in partnership with Casey.

I. Notice of appeal served October 25, 1911, recited that the defendant L. Halvorson appealed, and was signed by counsel for appellant as "attorneys for defendant." One

1. APPEAL BY INFANT: jurisdiction: dismissal.

of the grounds of the motion to dismiss is that the appeal should have been prosecuted by the guardian, instead of defendant. Section 3480 of the Code requires an action by a minor to be brought by his guardian, or, if he has none, then by his next friend, and section 3482 that the defense of a minor must be by his regular guardian or one appointed to defend. But the court is not without jurisdiction in an action brought by a minor in his own name, even though the judgment may have been erroneous. *Parkins v. Alexander,* 105 Iowa, 75. Nor is the defense by guardian essential to the jurisdiction of the court, though a judgment against an infant in the absence of guardian, regular or *ad litem,* is erroneous. In re *Estate of Strange,* 131 Iowa, 583; *Wise v. Schloesser,* 111 Iowa, 16; *Rice v. Bolton,* 126 Iowa, 654; *Harris v. Bigley,* 136 Iowa, 307. The infant is the real party in interest, and, though suit should be brought or defended as prescribed in the statutes cited, the omission so to do is an irregularity rendering the judgment erroneous but not void and subject to correction by procedure defined in the Code. At the common law an infant was required to sue and defend by guardian. Later, by act of Parliament, he was permitted to act through his next

friend also. *Williams v. Cleaveland,* 76 Conn. 426 (56 Atl. 851.) And, though he might prosecute a writ of error by his next friend, yet if he did so in his own name, and there was a joinder in error, his disability was waived. *McClay v. Norris,* 9, Ill. 370. In *Ramsey v. Keith* (Ky.) 77 S. W. 693, an appeal was prosecuted by an infant, and the court denied a petition to dismiss on the ground that appellee by previously submitting a motion to affirm as a delay case had waived the objection that appellant was without capacity to sue. That the appeal was taken by the minor, acting for himself, instead of through the guardian, undoubtedly was irregular, but the court acquired jurisdiction thereby. Of course, he subsequently might have disaffirmed what he had done, but, instead, upon the filing of the motion to dismiss, which was long after he had attained his majority, he resisted the same, and thereby confirmed his action in taking the appeal. For these reasons, this ground for dismissal of the appeal should be denied.

The other ground of the motion to dismiss is that notice of appeal was not served on Casey. He was a coparty, and must have been served with such notice, unless it can be said that a reversal of the judgment will not

2. APPEAL: parties: dismissal.

prejudicially affect him. Section 4111, Code; *Clayton v. Sievertson,* 115 Iowa, 687. Regardless of the issue as to Halvorson, Casey was liable as partner, and judgment was entered against him by default. This would not be affected by any ruling in the case against Halvorson, and the only contingency in which prejudice might result from passing on the errors assigned in this case would be in the settlement of the affairs between Casey and Halvorson. But the judgment finally entered in this suit of plaintiff against Halvorson would not constitute an adjudication in any action between Casey and Halvorson for the adjustment of their partnership affairs. Possibly such judgment might be valuable as evidence in an action between Casey and Halvorson as tending to establish Halvorson's obligation as

a member of the partnership; but, should the judgment in this suit finally be in Halvorson's favor, this would not be conclusive as between Casey and Halvorson. In the settlement of their relative obligations growing out of the partnership, the most that can be said, then, is that the ruling in this case might incidentally affect evidence to be used in possible litigation between Casey and Halvorson, but, as it would not be conclusive therein, it cannot be said to prejudicially affect the rights of Casey. In other words, if as a result of the ruling on this appeal judgment should be finally entered in favor of Halvorson, such judgment would not constitute an adjudication as to the relative obligations of Casey and Halvorson in the adjustment of their partnership affairs. This case is readily distinguishable from *Fisher v. Chaffee*, 96 Iowa, 15, where a judgment had been obtained against a principal and two sureties, and it was held that in an appeal by one surety notice thereof must be served on the other in order to confer jurisdiction. It follows that neither of the grounds of the motion to dismiss the appeal is sufficient, and it is therefore overruled.

II. Appellant contends that there was error in directing a verdict for plaintiff for that during the transactions in controversy defendant was under guardianship, and whether plaintiff had good cause to believe defendant an adult did not conclusively appear. In this state a minor is bound by his contracts, regardless of whether he is under guardianship, unless he disaffirms within a reasonable time after having attained his majority, and restores the property received thereunder and remaining in his control (section 3189, Code), but "no contract can be thus disaffirmed in cases where, on account of the minor's own misrepresentations as to his majority, or from his having engaged in business as an adult, the other party had good reason to believe him capable of contracting." Section 3190, Code.

3. INFANTS : contracts : disaffirmance : evidence.

The defendant was engaged in operating a meat market.

The business in behalf of plaintiff was transacted with him through its cashier, Armstrong. Neither he nor any other officer of the bank knew of the appointment of a guardian of defendant in a neighboring county, and, under the language of the statute, constructive notice of his status is not to be imputed. No exception is contained therein. That minors may disaffirm is the rule to which there are two exceptions: (1) Where he has misrepresented his age; and (2) where he has engaged in business as an adult. But in either event, from such misrepresentation as to age, or being so engaged in business, the other contracting party must have had good reason to believe him capable of contracting. These exceptions are not limited by statute to minors not under guardianship but apply to all, and whether there was "good reason to believe" the minor dealt with capable of contracting necessarily must depend on the circumstances of each particular case.

Armstrong testified that defendant was engaged in the buying and selling incident to the operation of a meat shop, that an account was kept with plaintiff, numerous deposits made and checks issued thereon by him for Casey & Halvorson or for himself after buying Casey out, and that he entertained no suspicion that he was a minor, but believed him to be an adult. Wolfe thought his appearance that of an adult, while his mother testified that "he did not look as though he was twenty-one years old."

The defendant was a witness before the jury, and, of course, was subject to their inspection. He was still a minor, and certainly his appearance was a proper matter for the jury to consider in determining whether Armstrong, in acting for the bank, had good reason for supposing him of age. *Hermann v. State*, 73, Wis. 248 (41 N. W. 171, 9 Am. St. Rep. 789); *Commonwealth v. Hollis*, 170 Mass. 433 (49 N. E. 632); *Jones v. State*, 32 Tex. Cr. R. 108, (22 S. W. 149); 1 Wig.

4. SAME: evidence of minority.

Evidence, section 222, and note.  See *contra Bird v. State,* 104 Ind. 384 (3 N. E. 827), but, saying that were the question not foreclosed by prior decisions, some members of the court would be of the view here expressed.  In *State v. Robinson,* 32 Or. 43 (48 Pac. 857), the court held that not allowing a witness to testify from the appearance of a person to her age was not error, where such person was present at the trial, as this would furnish no substantial aid to the jury. Though an ordinary witness, after fully describing a person, may express his opinion as to his age (*State v. Bernstein,* 99 Iowa, 5), this would be of little or no value where the witness is before the jury, and but one ground seems to have been suggested for denying consideration of appearance by the jury in determining age; i. e., that such appearance may not be preserved for the purposes of review.  This court, however, is committed to the doctrine that this is not a valid objection, for experiments, not exemplified by the record, are now allowed in presence of the jury, and injured members of the body are exposed to their view in damage cases, although there is no way of accurately reproducing them in the abstracts.  Moreover, in *State v. Smith,* 54 Iowa, 104, a baby two years old was shown to the jury as tending to establish resemblance.  The appearance of a minor in a case like this is especially pertinent to the inquiry as it would be an important circumstance in determining whether from his having engaged in business as an adult the other party ot the contract had good cause to believe him such.   See *Beller v. Merchant,* 30 Iowa, 350 ; *Jacques v. Sax,* 39 Iowa, 367.  We are of opinion that the record was such that this issue should have been submitted to the jury.

III.   There is nothing in the suggestions that defendant had not disaffirmed nor returned the moneys or property received in virtue of the notes.  By interposing the defense he undertook to disaffirm, and his testimony that he had none of such moneys nor property within his control was undisputed.

Because of the error in directing a verdict, the judgment is *Reversed.*