JAMES W. BISENIUS et ux., appellees, v. PALO ALTO COUNTY (Palo Alto County Conservation Board), appellant.

No. 51243.

(Reported in 127 N.W.2d 128)

MARCH 10, 1964.

Smith & Hanson, of Emmetsburg, for appellant.

James, Greer & Nelson, of Spencer, for appellees.

THORNTON, J.—The question is, is a joint award mortgagee an adverse party within the meaning of section 472.18, Code of Iowa, 1962, upon whom notice of appeal must be served by the appealing landowner? The trial court held it was not and the condemnor appeals.

We consider this matter on the condemnor's motion to adjudicate a law point under rule 105, Rules of Civil Procedure. An examination of the record and briefs discloses the question is properly before us.

I. The condemnor instituted proper proceedings before the sheriff to condemn the land. The application contained the names and address of the landowners, appellees here, and the mortgagee, Palo Alto County State Bank, Tenth and Broadway, Emmetsburg, Iowa, in accord with subsection 3 of section 472.3, Code of Iowa, 1962. The commission was appointed. Notice of the time the commission would view the premises was given to the landowners and the mortgagee. As stated, a joint award to landowners and mortgagee was made. Notice of appeal to the district court was served on the condemnor and the sheriff. No notice of appeal was served on the mortgagee. It is this failure to serve notice of appeal on the mortgagee that gives rise to appellant's claim the district court is without jurisdiction to determine the appeal to it because of the absence of a necessary party.

Section 472.18, Code of Iowa, 1962, provides:

"Any party interested may, within thirty days after the assessment is made, appeal therefrom to the district court, by giving the adverse party, his agent or attorney, and the sheriff, written notice that such appeal has been taken."

198

Under our previous holdings the mortgagee bank is an adverse party. The test applied in determining whether one is an adverse party who must be given notice of appeal is whether he will be prejudiced or adversely affected by a reversal or modification of the judgment appealed from. Bales v. Iowa State Highway Commission, 249 Iowa 57, 63, 86 N.W.2d 244; In re Assignment of Lounsberry, 208 Iowa 596, 603, 226 N.W. 140, and citations; In re Estate of Shumaker, 234 Iowa 195, 197, 12 N.W.2d 207, 209, and citations; and annotation, 88 A. L. R. 419, 420. See also 2A Words and Phrases, page 173 et seq., and 2A Words and Phrases, Adverse Party. The purpose of the landowners' appeal to the district court is of course to secure a higher award; however, in spite of the landowners' purpose the question of the amount of the award is reexamined in the district court and it may be determined that the award should be in a lesser amount. When the amount awarded in the appellate court is or can be less than the amount of its mortgage, a mortgagee is prejudiced or adversely affected. This of course is true of one of two to whom a joint award is made, any lowering of the award is prejudicial. The security to the extent of the land taken has been condemned, it is gone. The award is in its place. Appellees urge the mortgagee is not affected because he has the remaining security and the personal liability of the mortgagors. Of course he has such security. But that does not affect the result that the joint award mortgagee will be prejudiced by an award lower than the amount of its mortgage. This is not dependent on fact allegations showing prejudice but appears as a matter of law from the fact of a joint award to an owner and a mortgagee. The burden rests upon an appellant (landowners here) to show that parties not served with notice of appeal would not be adversely affected by a reversal or modification of the judgment. In re Estate of Shumaker, 234 Iowa 195, 197, 12 N.W.2d 207, and citations.

II. In Mazzoli v. City of Des Moines, 245 Iowa 571, 63 N.W.2d 218, we held the notice required by section 472.18 is a notice of appeal and the jurisdiction of the district court in condemnation cases is appellate only. The question there was the

failure to serve notice on the landowner within the 30-day period, though the notice was delivered to the sheriff within the 30 days.

III. In The Chicago, R. I. & P. R. Co. v. Hurst (1870), 30 Iowa 73, we held it was necessary to join one to whom a joint award had been made with appellant and reversed the award of the district court. We said at page 76 of 30 Iowa:

"The judgment of the court below is reversed, and the cause remanded to the district court, with directions to sustain the motion to dismiss the appeal, unless S. G. Smith [joint awardee], by notice or otherwise, is made a party to the record."

In Lance v. The Chicago, Milwaukee & St. Paul R. Co. (1882), 57 Iowa 636, 11 N.W. 612, we held in effect a joint award mortgagee was not an adverse party, saying it would be a great hardship to deny the owner of the land the right to prosecute an appeal because the mortgagee declined to join therein, the defendant was not prejudiced and the rights of the mortgagee were fixed by the award of the commissioners.

In Dixon v. The Rockwell, Sac & Dacota Railway Co. (1888), 75 Iowa 367, 39 N.W. 646, the Lance case was followed. As in Lance, plaintiff was allowed by the trial court to bring in a joint award mortgagee after the motion to dismiss was filed.

In Ruppert v. The Chicago, O. & St. J. R. Co., 43 Iowa 490, we held it was error to dismiss the appeal of one joint award tenant in common where his cotenant had settled for one half of the award.

In support of its contention the mortgagee is not an adverse party appellees also cite First National Bank of Titonka v. J. Casey and L. Halvorson, 158 Iowa 349, 352, 138 N.W. 897, and Luce v. Service Life Ins. Co., 227 Iowa 532, 288 N.W. 681. A short explanation will point out the difference between them and the present case.

In the First National Bank of Titonka case the defendants, Casey and Halvorson, were partners. Casey defaulted. Halvorson defended on the basis of his minority and a verdict was directed against him. He appealed but did not serve Casey. Appellee's motion to dismiss was overruled. The issue between

Halvorson and plaintiff was Halvorson's minority, a reversal on that ground could in no way affect the judgment against Casey.

In the Luce case the plaintiff was the administrator and father of deceased, the intervenor the mother and named beneficiary in the insurance policy on which action was brought. Plaintiff in his petition alleged he was the assignee of the intervenor but no evidence was introduced in support of such allegation. Plaintiff's petition was dismissed. A verdict was directed for the intervenor on the policy and the insurance company appealed serving only the intervenor. Intervenor's motion to dismiss for failure to serve the plaintiff was overruled. There were two judgments in the trial court. One against plaintiff and in favor of the insurance company. One in favor of intervenor and against the insurance company. The insurance company appealed from the one against it on the intervenor's cause of action, the plaintiff was never a party to that cause of action. On the pleadings of intervenor and plaintiff, if one recovered the other could not.

Except in the Lance and Dixon cases, supra, we do not find an authority that holds a joint award mortgagee is not an adverse party. Actually in Lance and Dixon the landowner served notice on the mortgagee after the motion to dismiss was made in the trial court. Whether that had any effect on the decision is not clear.

Appellee here asks that we follow the Hurst case and remand with directions to sustain the motion to dismiss the appeal unless the mortgagee is joined by notice or otherwise. This would be error. We would be extending the time within which an appeal may be taken. Failure to appeal within the time provided by law is fatal to the jurisdiction of an appellate court. Neff v. Iowa State Highway Commission, 253 Iowa 98, 111 N.W.2d 293.

The district court is an appellate court in condemnation cases. A joint award mortgagee is an adverse party to the landowner because a reversal or modification of the award could prejudice or adversely affect it by lowering the award. Failure to serve an adverse party within the time provided by statute is

fatal to the jurisdiction of an appellate court. It follows that the district court should have dismissed the case. The case is reversed and remanded for that purpose.—Reversed and remanded.

All JUSTICES concur.