HERMAN GRIFFEL et ux., T. R. JONES et ux., and CONNECTICUT GENERAL LIFE INSURANCE COMPANY, appellees, v. NORTHERN NATURAL GAS COMPANY, a corporation, appellant.

## No. 51700.

(Reported in 136 N.W.2d 265)

June 30, 1965.

Johnson, Burnquist, Flattery & McCormick, of Fort Dodge, Duncan, Jones, Riley & Davis, of Des Moines, and F. V. Roach, R. P. Blodgett and T. N. Wright, all of Omaha, Nebraska, for appellant.

Alan Loth, of Fort Dodge, for Herman Griffel and Adela Griffel, appellees.

R. L. Hudson and Frank W. Shaw, both of Pocahontas, for T. R. Jones and Irene Jones, appellees.

MOORE, J.—After obtaining a permit from the Iowa State Commerce Commission, Northern Natural Gas Company in February 1964 commenced condemnation proceedings to acquire underground storage rights under certain farms in Webster County including the 160-acre farm in possession of the contract purchasers, Herman and Adela Griffel, husband and wife. T. R. and Irene Jones owned the fee, subject to their contract with the Griffels. Connecticut General Life Insurance Company had a mortgage on the property. As required by Code sections 472.8 and 472.9 notice of hearing before the condemnation commission was given to all the above named parties. Attorney Alan Loth appeared for Griffels (hereinafter referred to as Griffel). No appearance was made by T. R. Jones or Irene Jones (hereinafter referred to as Jones) or by the insurance company. The condemnation commission made a $16,000 award in favor of Griffel and Jones. Northern then attempted to appeal.

Section 472.18, Code, 1962, provides: "Appeal. Any party interested may, within thirty days after the assessment is made, appeal therefrom to the district court, by giving the adverse party, his agent or attorney, and the sheriff, written notice that such appeal has been taken."

Northern's notice of appeal was addressed to Griffel, Jones and the insurance company. It was served only on Alan Loth by the sheriff. Four copies of the appeal notice were handed to Loth. He made no comment.

After the sheriff's refusal to pay over the $16,000 which had been deposited by Northern, Jones employed counsel who filed a special appearance as did Griffel. Both were sustained by the trial court and the case dismissed. Northern has appealed.

Code section 472.21 requires condemnation appeals to the district court be docketed showing the condemnee as plaintiff and condemnor as defendant. Some confusion may therefore result as Northern appealed to the district court. For clarity we refer to the parties by name.

Northern claims the trial court erred in (1) failing to find the notice of appeal was properly given and (2) holding Jones and the insurance company were adverse parties within the meaning of section 472.18.

 I. The special appearance by Jones makes a direct attack upon the jurisdiction of the court. They assert no notice of appeal was served on them and that they had no attorney until long after time for appeal had expired. Griffel's special appearance is also a direct attack upon the jurisdiction of the court, contending the court has jurisdiction only if all adverse parties are served.

With such direct attacks upon the jurisdiction of the court, Northern had the burden of proving it. Mayer v. Wright, 234 Iowa 1158, 1162, 1163, 15 N.W.2d 268, 270; Hill v. Electronics Corp. of America, 253 Iowa 581, 590, 113 N.W.2d 313, 318; Spencer Concrete Products Co. v. Spencer, 254 Iowa 87, 90, 116 N.W.2d 455, 457.

 This proceeding is a special one not triable in equity and therefore is not triable de novo here. The trial court's findings of fact on the hearing on the special appearances have the status of a jury verdict. If supported by substantial evidence we are bound by them. Spencer Concrete Products Co. v. Spencer, 254 Iowa 87, 90, 116 N.W.2d 455, 457, and citations.

By stipulation the affidavits attached to each special appearance were made a part of the record in the hearing before the trial court. Alan Loth's affidavit states he was never contacted, consulted or employed by Jones or the insurance company and that at the hearing before the commission he stated his only clients were Griffel and Mrs. Schmalenberger (who owned a

1144

separate parcel). Northern does not deny such statement was made but says it was not heard by its representatives.

■ Jones' affidavit shows both Mr. and Mrs. Jones were living temporarily in Florida where they were served with notice of hearing before the condemnation commission, they did not appear, hired no lawyer, Alan Loth was never their attorney, and they took no action until May 13, 1964, at which time they wrote the sheriff demanding the $16,000 which the commission had awarded March 17, 1964. Upon being advised an appeal was pending they then employed their present counsel. The trial court found Loth was not Jones' attorney. The evidence establishes no notice of appeal was ever served on Jones. The trial court so found. The court correctly ruled it had no jurisdiction of the appeal against Jones. We shall consider infra the court's ruling on Griffel's special appearance.

■ ■ II. Northern's contention Jones and the insurance company were not adverse parties within the meaning of section 472.18 is without merit.

May 21, 1956, Jones entered into a contract for the sale of the farm to Griffel for $55,382.96. It was recorded the next day. The contract contained provisions that Griffel could not sell the premises or assign the contract without Jones' written consent, Griffel would pay special assessments and taxes on the real estate, would keep the property insured and that Jones could declare a forfeiture should Griffel fail to make the periodic specified payments or default in performance of any provision of the agreement. It also provided Jones must furnish an abstract showing merchantable title on or before December 1, 1973. Griffel was not in default at the time of the condemnation proceedings. Approximately $49,900 was the unpaid balance on the contract.

At the time of condemnation $5500 remained unpaid on the mortgage held by the insurance company.

In Bisenius v. Palo Alto County, 256 Iowa 196, 198, 127 N.W.2d 128, we considered the meaning of "adverse party" as used in section 472.18. We said: "The test applied in determining whether one is an adverse party who must be given notice of appeal is whether he will be prejudiced or adversely affected by a reversal or modification of the judgment appealed from."

The same principle is stated in Bales v. Iowa State Highway Comm., 249 Iowa 57, 63, 86 N.W.2d 244, 248. It finds support in Oskaloosa Savings Bank v. Miller, 189 Iowa 393, 394, 176 N.W. 629, 630; In re Assignment of Lounsberry, 208 Iowa 596, 603, 226 N.W. 140, 144; In re Estate of Shumaker, 234 Iowa 195, 197, 12 N.W.2d 207, 209. See also 2A Words and Phrases, Adverse Party.

In Bisenius v. Palo Alto County, supra, we held a mortgagee is an adverse party on whom notice must be served when a condemnation commission award is appealed to the district court under section 472.18. Here the mortgagee insurance company was an adverse party entitled to notice of appeal within the thirty-day period set by statute.

Jones' interest in the property was greater than that of the mortgagee. The $16,000 award was to Jones and Griffel. Northern's appeal was to obtain a reduction. Such a modification would prejudice and directly affect Jones' interest. We are not impressed by Northern's argument the land was being used only for farming and because Jones was not aware of its underground storage value he was not really affected by the taking. We hold Jones was an adverse party within the meaning of section 472.18.

III. Since they were adverse parties, Jones and the insurance company, although they did not participate in the hearing before the commission, were entitled to notice. In re Estate of Shumaker, supra, 234 Iowa 195, 12 N.W.2d 207. Code section 472.18 does not require prior participation.

IV. The right of appeal is purely a creature of statute. If an appeal is to be taken notice thereof must be given in substantial compliance with the statute. Kremar v. Independent Sch. Dist., 192 Iowa 734, 185 N.W. 485; Thorson v. Des Moines, 194 Iowa 565, 188 N.W. 917; Bales v. Iowa State Highway Comm., 249 Iowa 57, 86 N.W.2d 244. Northern's failure to serve an adverse party within the time provided by section 472.18 is fatal to the jurisdiction of the district court. Bisenius v. Palo Alto County, 256 Iowa 196, 200, 127 N.W.2d 128, 131.

V. Since jurisdiction to hear and determine the appeal was

lacking because of Northern's failure to comply with the statute (section 472.18), the trial court correctly sustained the special appearances and dismissed the appeal.—Affirmed.

All JUSTICES concur.