Scoular-Bishop Grain Company, a corporation, appellee, v.
Iowa State Highway Commission, appellant.

No. 51975.

(Reported in 140 N.W.2d 115)

February 8, 1966.

Rehearing Denied April 5, 1966.

Lawrence F. Scalise, Attorney General, Raymond T. Walton, Special Assistant Attorney General, L. Michael McGrane, Assistant Attorney General, both of Ames, and John Leroy Peterson, of Council Bluffs, for appellant.

Ross, Johnson, Stuart, Tinley & Peters, of Council Bluffs, for appellee.

MASON, J.—Iowa State Highway Commission instituted condemnation proceedings to acquire part of a tract of land in Pottawattamie County, owned by plaintiff, for primary road right-of-way and other specified related purposes. The entire tract was mortgaged to Northwestern Mutual Life Insurance Company. A condemnation jury was appointed and on April 7, 1964, made a joint award of $49,200 to the landowner and mortgagee.

Notice of appeal to the district court directed to the sheriff of Pottawattamie County, Iowa State Highway Commission and the attorney general was accepted by the sheriff on May 4, 1964, and served on the condemnor on May 5 by delivery of a true copy to the attorney general.

On May 7 plaintiff caused notice of appeal directed to the same parties and Northwestern Mutual Life Insurance Company to be delivered to the Polk County sheriff for service on Northwestern Mutual Life Insurance Company, Des Moines, which notice of appeal was served May 12 by delivery of a true copy to mortgagee's general agent.

July 9 plaintiff filed its petition at law in the appeal and named as defendants Iowa State Highway Commission and also Northwestern Mutual Life Insurance Company who was not joined on appeal by appellant. The highway commission filed motion to strike on July 29 which did not challenge the court's jurisdiction. Such motion was not submitted to the court. August 6, 1965, plaintiff amended certain portions of its peti-

tion, and on August 15 defendant filed a motion to dismiss, stating as grounds therefor the trial court was without jurisdiction over the subject matter for the reason notice of appeal was not given Northwestern Mutual Life Insurance Company within the time required by the condemnation statute, sections 472.17 to 472.19, Code, 1962.

September 9 the trial court overruled the highway commission's motion.

September 14 defendant filed answer, stating as a separate defense the court was without jurisdiction for the reasons set forth in its motion to dismiss, that is, Northwestern Mutual Life Insurance Company was an adverse party and plaintiff failed to serve it with notice of appeal within the time required by sections 472.17 to 472.19.

On the same day defendant filed application for separate adjudication of law points, stating the highway commission, in its answer, raised a point of law which goes to the whole of the case and requesting the court separately hear and determine the point of law raised by defendant in its answer, prior to trial of the cause.

September 22 the trial court denied the highway commission's legal defense based upon want of jurisdiction over the appeal. Defendant's application to this court for permission to take interlocutory appeal was granted. Rule 332, Rules of Civil Procedure.

I. Failure to serve notice of appeal on the mortgagee within thirty days after the assessment was made gives rise to defendant's claim the district court was without jurisdiction to determine the appeal to it because of the absence of a necessary party. Section 472.18 provides:

"Any party interested may, within thirty days after the assessment is made, appeal therefrom to the district court, by giving the adverse party, his agent or attorney, and the sheriff, written notice that such appeal has been taken."

 It is settled in Iowa that a mortgagee is an adverse party on whom notice of appeal must be served when a condemnation commission award is appealed to the district court. Bisenius v. Palo Alto County, 256 Iowa 196, 198, 127 N.W.2d 128, 129;

Griffel v. Northern Natural Gas Co., 257 Iowa 1140, 1145, 136 N.W.2d 265, 268, where the reasoning leading to this conclusion and the test to be applied in determining who is an adverse party to be given notice of appeal are set forth and authorities are collected.

▮ The district court is an appellate court in condemnation cases. Bisenius v. Palo Alto County, supra.

▮▮ The right to appeal is purely a creature of statute. If an appeal is to be taken, notice thereof must be given in substantial compliance with the statute. Failure to serve an adverse party within the time provided by section 472.18 is fatal to the jurisdiction of the district court. Griffel v. Northern Natural Gas Co., supra.

▮ The mortgagee Northwestern Mutual Life Insurance Company was such adverse party. No notice of appeal was served on it within the thirty days required by section 472.18. Such failure was fatal to the jurisdiction of the district court. The fact the second notice of appeal was delivered to the Polk County sheriff on May 7, the thirtieth day after the assessment, does not help plaintiff here. We have held failure to serve notice on an adverse party in such appeals is not cured by delivery of the notice to the sheriff within the thirty days. Rule 49, R. C. P., is not applicable to the type of action here contemplated. Mazzoli v. City of Des Moines, 245 Iowa 571, 63 N.W.2d 218, 220, cited in Bisenius v. Palo Alto County, supra.

In fact plaintiff did not contend otherwise in oral argument in this court, asserting its sole purpose in giving Northwestern Mutual notice was to apprise it of each of the proceedings and thus comply with due process.

▮ II. Plaintiff asserts as a proposition for affirmance: In condemnation proceedings instituted by the highway commission, when the landowner appeals from the assessment made, the only notice necessary to vest the district court with jurisdiction on appeal is one served on the highway commission within thirty days after assessment and that notice having been properly so served here the district court acquired jurisdiction over the appeal. The argument is that notice of appeal to a mortgagee is

unnecessary where the proceedings are instituted by the highway commission. Section 472.19. We do not agree.

Under the reasoning of the Bisenius and Griffel cases, supra, we see no logical basis for holding a mortgagee is not entitled to notice of appeal when the condemnation proceedings are instituted by the highway commission but is entitled to notice when such proceedings are instituted by others. It is true that in Bisenius and Griffel the condemnor was not the highway commission. However, we now hold a mortgagee is an adverse party on whom notice of appeal must be served when a condemnation commission award is appealed to the district court whether such proceedings are instituted by the highway commission or others.

Section 472.8, Code, 1962, gives recognition to the fact lienholders or encumbrancers are interested parties and requires the highway commission to serve them, and each of them, with a notice of condemnation.

We believe there is an important distinction between Crawford v. Iowa State Highway Commission, 247 Iowa 736, 76 N.W. 2d 187, cited by plaintiff, and the present case. In Crawford the condemnation proceedings were instituted by the highway commission and the landowners sought to appeal from the award by notice on the highway commission by serving its chief engineer and the assistant attorney general. No notice was served on the sheriff of Carroll County where the land was situated. The highway commission's notice to dismiss was based solely on failure to serve the sheriff within the thirty days required by statute. The right of a mortgagee or other such adverse party to notice of appeal was not involved or considered. The Crawford case merely holds that when service of notice of appeal on the highway commission is required, service upon it under the provisions of section 472.19 is sufficient, the appealing landowner need not follow the procedures set out in section 613.9, or serve the sheriff for the reason stated at page 742 of 247 Iowa, page 190 of 76 N.W.2d. The Crawford case is not applicable here.

Section 472.18 was amended by chapter 203, Laws of the Forty-seventh General Assembly, by adding thereto what is now section 472.19. It was editorially divided in the 1939 Code.

It follows that the district court should have dismissed the

appeal. The case is reversed and remanded for that purpose.— Reversed and remanded.

All JUSTICES concur.