GILBERT MERRITT et al., appellants, v. INTERSTATE POWER
COMPANY, a corporation, appellee.

No. 52606.

(Reported in 153 N.W.2d 489)

OCTOBER 17, 1967.

William T. Connery, of Dubuque, for appellants.

O'Connor, Thomas, Wright, Hammer & Bertsch, of Dubuque, for appellee.

MASON, J.—In January 1964 Interstate Power Company condemned an easement across land in Dubuque County owned by Gilbert Merritt and tenanted by Gilbert Merritt, Jr., for the purpose of erecting electric transmission lines and other related public utility facilities and purposes. The tract of approximately 400 acres had been mortgaged November 30, 1954,

176

to American Trust & Savings Bank, Dubuque, as shown by the records in the recorder's office. February 4, 1964, a condemnation jury made a joint award of $1575 to the landowner, tenant and mortgagee.

Section 472.21, Code, 1962, requires condemnation appeals to the district court be docketed showing the condemnee as plaintiff and condemnor as defendant.

February 29 plaintiffs filed in the Dubuque district court their petition on appeal from the award and served notice of appeal upon Interstate Power and the Dubuque sheriff. The mortgagee did not join in the appeal and was not served with notice thereof at anytime.

Interstate filed motion to dismiss, asserting the district court lacked jurisdiction to hear the appeal since a mortgagee had not been served with notice thereof as an adverse party as required by Code section 472.18. After the trial court overruled the motion defendant filed answer and plaintiffs their reply. Interstate then filed a motion to adjudicate law points under rule 105, Rules of Civil Procedure. Plaintiffs filed resistance.

The trial court dismissed plaintiffs' appeal on the ground it had no jurisdiction to hear the same because of plaintiffs' failure to serve the mortgagee with notice as required by the Code section. Plaintiffs appeal from the trial court's ruling.

I. In answer Interstate alleged existence of the mortgage at commencement of condemnation proceedings, that it remained unsatisfied of record when the award for the easement was made and plaintiffs' failure to serve notice on the mortgagee within a 30-day period from the February 4 award. Plaintiffs in reply admitted the existence of the mortgage and their failure to serve notice of appeal on the mortgagee but contended this had no application or legal significance.

At the hearing under rule 105, R.C.P., it was stipulated that on February 29 there was an unpaid principal balance and interest of $2557 owing the mortgagee which was paid off May 14 and released of record May 15. The trial court sustained defendant's objection to plaintiffs' offer of evidence on farm valuation.

Plaintiffs' appeal presents the propriety of the dismissal on the ground the mortgagee was an adverse party upon whom notice of appeal was required. Other issues presented are whether the court erred in rejecting evidence on valuation of the farm and whether the adverse party issue became moot when the mortgage was paid off and released May 15.

Plaintiffs assert the court erred (1) in finding the mortgagee would be adversely affected by reversal or modification of the condemnation award and was an adverse party upon whom notice was required, (2) in failing to take into consideration the unpaid mortgage balance and the value of the real estate where the easement was being procured, (3) in rejecting evidence of value of the tract to aid in determining whether the mortgagee was adversely affected, (4) in failing to consider whether plaintiff's interest as landowner was fully protected under eminent domain and our constitution and (5) in not determining whether failure to serve the mortgagee became moot when the mortgage was satisfied before the hearing on law points.

II. We think the first three assigned errors are answered by at least three of our recent decisions.

Section 472.18 provides: "Any party interested may, within thirty days after the assessment is made, appeal therefrom to the district court, by giving the adverse party, his agent or attorney, and the sheriff, written notice that such appeal has been taken."

The jurisdiction of the district court in condemnation cases is appellate only and the notice required by section 472.18 is a notice of appeal. Harrington v. City of Keokuk, 258 Iowa 1043, 1046, 141 N.W.2d 633, 636; Scoular-Bishop Grain Co. v. Highway Commission, 258 Iowa 1003, 1006, 140 N.W.2d 115, 117; Bisenius v. Palo Alto County, 256 Iowa 196, 198, 127 N.W.2d 128, 130.

The right of appeal is purely a creature of statute. If an appeal is to be taken notice thereof must be given in substantial compliance with the statute. Failure to serve an adverse party within the time provided by section 472.18 is fatal to the jurisdiction of the district court. Griffel v. Northern Natural Gas Co., 257 Iowa 1140, 1145, 136 N.W.2d 265, 268,

and citations; Scoular-Bishop Grain Co. v. Highway Commission, supra.

Plaintiffs contend Interstate is the only adverse party since reversal or modification of the $1575 award could not adversely affect the holder of a mortgage on a 400-acre farm, with a balance of $2557, which was paid off before the hearing under rule 105.

■ The test usually applied in determining who is an adverse party in such matters is whether he will be prejudiced or adversely affected by a reversal or modification of the judgment appealed from. Bales v. Iowa State Highway Comm., 249 Iowa 57, 63, 86 N.W.2d 244, 248; Griffel v. Northern Natural Gas Co., supra, 257 Iowa at 1144, 1145, and citations; Bisenius v. Palo Alto County, supra, and citations.

■ It is settled in Iowa that a mortgagee is an adverse party upon whom notice of appeal must be served when a condemnation award is appealed to the district court. Scoular-Bishop Grain Co. v. Highway Commission, supra, 258 Iowa at 1005, 140 N.W.2d at 117, and citations.

Bisenius v. Palo Alto County, supra, 256 Iowa at 200, notes that except for Lance v. Chicago, Milwaukee & St. Paul R. Co. (1882), 57 Iowa 636, 11 N.W. 612, and Dixon v. Rockwell, Sac & Dacota Railway Company (1888), 75 Iowa 367, 39 N.W. 646, no authority was found that a joint award mortgagee is not an adverse party. In those two cases the owner served notice on the mortgagee after the motion to dismiss was filed. Whether that affected the decision is not clear.

■ Plaintiffs contend this is not always true. They argue that in determining whether the mortgagee bank was an adverse party the amount of unpaid balance existing on the mortgage, the amount of the award, the value of the property and type of condemnation are all factors to be considered in determining whether a mortgagee is an adverse party and, therefore, they should have been permitted to offer evidence of the farm valuation.

A similar contention was rejected in Bisenius v. Palo Alto County, supra, 256 Iowa at 198, 127 N.W.2d at 129. There the landowner argued the mortgagee was not affected because he

had the remaining security and the personal liability of the mortgagors. We said, "Of course he [mortgagee] has such security. But that does not affect the result that the joint award mortgagee will be prejudiced by an award lower than the amount of its mortgage. This is not dependent on fact allegations showing prejudice but appears as a *matter of law* from the fact of a joint award to an owner and a mortgagee." (Emphasis supplied.)

When the award upon appeal is or can be less than the amount of the mortgage, its holder is prejudiced or adversely affected. Of course any lowering of the award to one of two to whom a joint award is made is prejudicial. Bisenius v. Palo Alto County, supra, 256 Iowa at 198, 127 N.W.2d at 129.

The trial court properly held evidence of value of the farm was immaterial. There is no showing in the record as to the priority of the bank's lien nor the value of its security.

To sustain any of the first three assigned errors would require overruling our holdings in Bisenius, Griffel and Scoular-Bishop. We are not persuaded to do so.

III. Under their fourth assignment plaintiffs contend the procedure for eminent domain must fully protect the landowner and the trial court's decision deprives them of fair compensation for the easement taken.

Article I, section 18, Iowa Constitution, omitting the 1908 amendment, provides:

"Private property shall not be taken for public use without just compensation first being made, or secured to be made to the owner thereof, as soon as the damages shall be assessed by a jury, who shall not take into consideration any advantages that may result to said owner on account of the improvement for which it is taken."

In Harrington v. City of Keokuk, supra, 258 Iowa 1043, 1046–1047, 141 N.W.2d 633, 636, in answering a somewhat similar constitutional argument, we said:

"The right to appeal or to have a judicial determination of damages, although constitutionally provided in Article I, Section 18, of the Iowa Constitution, is limited by reasonable and proper statutory procedure for perfecting an appeal to the district court. Mazzoli v. City of Des Moines [245 Iowa 571,

63 N.W.2d 218] ; Bisenius v. Palo Alto County, supra. If district court review is desired by either party, notice thereof must be given in substantial compliance with the statutes. Bales v. Iowa State Highway Comm., 249 Iowa 57, 60, 86 N.W.2d 244, and cases cited. If one fails to follow the legally prescribed manner and procedure in giving notice, the district court obtains no jurisdiction, and condemnee can blame only himself if his damage is not passed upon by a jury. Dunlap v. Pulley, 28 Iowa 469.

"This does not mean that appellant is not entitled to compensation for his property taken for a public use. That is guaranteed him by the constitution, but he is only entitled to it in the manner prescribed by law. Connelly v. Griswold, 7 Iowa 416. If an appeal is not taken, the commissioner's award stands.

"Clearly, the legislature has the power to prescribe and fix the terms and conditions upon which condemnations may be made, including reasonable terms and conditions upon which the landowner may perfect his appeal to the district court. Richardson v. Centerville, 137 Iowa 253, 114 N.W. 1071."

Section 472.18 does not deny plaintiffs' right to appeal the condemnation award to the district court. It merely prescribes the time limit and the procedure by which the appeal may be taken. The legislature properly enacted the procedural sections in chapter 472 of the Code. They must be followed by interested parties in order to claim the constitutional guarantee. It was plaintiffs' failure to follow the procedural requirements of section 472.18 to obtain district court review of the award that prevented the appeal, not any act of defendant.

Plaintiffs' fourth assignment of error is without merit.

IV. In their remaining assignment plaintiffs contend the question whether the mortgagee is an adverse party became moot when the mortgage was paid off and released on May 15, more than four months after the award and two and one-half months after plaintiffs' attempt to appeal.

As stated, the district court's jurisdiction depends upon perfecting the appeal within the time and manner provided by statute. The award was made February 4, the appeal was at-

tempted February 29. On both dates the mortgagee was an adverse party entitled to notice of appeal within the 30-day period provided by statute. This was the time within which the district court could have acquired jurisdiction of this appeal. Plaintiffs' failure to substantially comply with the statute resulted in the absence of a necessary party and was fatal to the trial court's jurisdiction.

Paying off the mortgage prior to the hearing under rule 105, R.C.P., on October 11, 1966, did not change the mortgagee's status as an adverse party. The practical effect of this argument is to extend the time within which an appeal may be taken.

Finding no error, the case is—Affirmed.

All JUSTICES concur.