**Raymond N. KENKEL and Evelyn Kenkel, Appellants,**

v.

**IOWA STATE HIGHWAY COMMISSION, Appellee,**

and

**V. A. Carmichael and Marcia A. Carmichael, Intervenors-Appellants.**

**No. 53124.**

Supreme Court of Iowa.

Nov. 12, 1968.

D. C. Nolan and Tom Martin, Iowa City, for appellants and intervenors-appellants.

Richard C. Turner, Atty. Gen., and Robert T. Lego, Asst. Atty. Gen., Counsel for Iowa State Highway Commission, for appellee.

MASON, Justice.

This is an appeal from the trial court's judgment sustaining the highway commission's special appearance to plaintiffs' petition on appeal to the Pottawattamie district court from a condemnation commission's award of damages.

Condemnation proceedings were instituted by the highway commission under chapter 472, Code, 1966, for the taking of certain land belonging to Raymond N. and Evelyn Kenkel for highway purposes. October 5, 1967, the condemnation commission filed its award of damages with the Pottawattamie County sheriff. November 3 Kenkels filed with the sheriff notice of appeal to be served upon the highway commission by serving the attorney general. The notice of such appeal was not served on him until November 24.

December 7 the highway commission filed its special appearance challenging the court's jurisdiction to entertain the appeal on the ground the notice of appeal was not served within 30 days after the condemnation commission assessed damages.

February 14, 1968, V. A. and Marcia A. Carmichael filed their petition of interven-

tion pursuant to rule 75, Rules of Civil Procedure, stating they had an interest in the subject matter of the litigation and the success of plaintiffs to the action.

In ruling on the special appearance and plaintiffs' resistance the trial court found plaintiffs had failed to serve notice of appeal on the highway commission within 30 days after award as required by section 472.18, Code, 1966, dismissed the cause and assessed costs against plaintiffs.

I. Plaintiffs and intervenors appeal, assigning two errors relied on for reversal. They contend trial court erred in sustaining defendant's special appearance; that this ruling denied them constitutional rights to equal protection of the laws and protection against the taking of their property without due process of law and just compensation.

They maintain in support of their first contention an appeal to the district court from a condemnation commission's award under chapter 472 is an original proceeding and not an appellate review; therefore, placing the notice of appeal in the hands of the sheriff within the 30-day period from the assessment with the intention it be served forthwith confers jurisdiction upon the trial court though actual service on appellee is not made within the statutory period.

Section 472.18 provides:

"Any party interested may, within thirty days after the assessment is made, appeal therefrom to the district court, by giving the adverse party, his agent or attorney, and the sheriff, written notice that such appeal has been taken."

The principal question presented by the special appearance and this appeal is whether the appeal was taken within this 30-day period.

On facts almost identical with those here appellants' contention was rejected in Mazzoli v. City of Des Moines, 245 Iowa 571, 573–574, 63 N.W.2d 218, 219–220. There

the commissioners made the appraisement of damages July 16, 1953. August 14 appellees delivered to the sheriff's office a notice of appeal addressed to the "Sheriff of Des Moines, Iowa, and Tom Reilley, Sheriff of Polk County". The return of service stated the same was served on the sheriff August 14 and on Des Moines August 18. All parties conceded the city was not actually given notice within the 30 days. Mazzoli, however, asserted the "thirty days provision" is a limitation on the remedy; the giving of notice is the commencement of the action; and that under rule 49, R.C.P., the same was commenced in time. Finding the contention without merit, we said:

"While generally speaking the jurisdiction of the district court is general and original, Section 604.1; it is in certain matters appellate, Section 604.2. Section 472.1 states: 'The procedure for the condemnation of private property, * * *, unless and except as otherwise provided by law, shall be in accordance with the provisions of this chapter.' Section 472.3 provides: 'Such proceedings shall be instituted by a written application filed with the sheriff * * *.' It is clear that exclusive jurisdiction is placed in the sheriff and commissioners and that only by the process of appeal does the district court obtain jurisdiction over both the subject matter and the parties. Its jurisdiction is appellate only.

"* * *

"* * * Rule 49 states: 'For the purpose of determining whether an action has been commenced within the time allowed by statutes for limitation of actions, whether the limitation inheres in the statute creating the remedy or not, the delivery of the original notice to the sheriff of the county * * * shall also be deemed a commencement of the action.' * * *

"* * *

" 'A notice of appeal is in no sense an original notice. The statute does not in such case contemplate the commencement of an original action in the district court.

The statute requires nothing more than that a written notice shall be served * * *.

While the purpose of the respective notices is to bring the cause on for trial in the district court, the proceedings are essentially different.' [Quoting from O'Neal v. State, 214 Iowa 977, 980, 243 N.W. 601, 603]

"There can be no other logical conclusion than rule 49 is not applicable to the type of action here contemplated."

Since Mazzoli, decided in 1954, our decisions have continued to approve these statements and on February 6, 1968, in Carmichael v. Iowa State Highway Commission, Iowa, 156 N.W.2d 332, 335, we once again expressed approval, saying:

"We have consistently held jurisdiction of the district court in condemnation cases is appellate only and the notice required by section 472.18 is a notice of appeal. Mazzoli v. City of Des Moines (1954), 245 Iowa 571, 573, 63 N.W.2d 218, 219; Bisenius v. Palo Alto County (1964), 256 Iowa 196, 198, 127 N.W.2d 128, 130; Scoular-Bishop Grain Co. v. Iowa State Highway Commission (1966), 258 Iowa 1003, 1006, 140 N.W.2d 115, 117; Harrington v. City of Keokuk (1966), 258 Iowa 1043, 1046, 141 N.W.2d 633, 636; and Merritt v. Interstate Power Co. (Iowa 1967), 153 N.W.2d 489, 492. Only by the process of appeal does the district court obtain jurisdiction over both the subject matter and the parties.

"Moreover, to invoke the appellate jurisdiction of the district court the statute must be followed and notice of appeal must be given in substantial compliance with its terms. Bales v. Iowa State Highway Commission, * * *, 249 Iowa [57] at 60, 86 N.W.2d [244] at 246–247; Harrington v. City of Keokuk, supra, 258 Iowa at 1047, 141 N.W.2d at 636. Failure to serve an adverse party within the time provided by section 472.18 is fatal to the court's jurisdiction. Griffel v. Northern Natural Gas Co., * * *, 257 Iowa [1140] at 1145,

136 N.W.2d [265] at 268, and citations; Scoular-Bishop Grain Co. v. Iowa State Highway Commission, supra; Harrington v. City of Keokuk, supra, 258 Iowa at 1047, 141 N.W.2d at 636."

However, appellants urge that we reconsider and overrule our holdings in the cited cases, adopt the language of the dissent in Mazzoli and hold that an appeal from a condemnation commission's award under chapter 472 is an original proceeding. In Carmichael v. Iowa State Highway Commission, supra, plaintiffs there who are intervenors here argued we had overruled the cited cases and adopted the reasoning of the dissent in Mazzoli by our decision in Board of Directors v. Cherokee County Bd. of Ed., 260 Iowa 210, 149 N.W.2d 304. What was said in Carmichael in rejecting this contention need not be repeated here. See 156 N.W.2d commencing at 335. It is sufficient to say now we have not overruled our holding in Mazzoli v. City of Des Moines, supra.

As we understand appellants' argument at this point they contend that since this is an original proceeding service of the notice of appeal in accordance with the provisions of rule 49, R.C.P., conferred no jurisdiction upon the trial court. It is obvious the argument is based upon the premise that an appeal to the district court from a condemnation commission's award is an original proceeding.

■ Contrary to plaintiffs' position, we have consistently interpreted chapter 472 as expressing a legislative intent that appeals from condemnation awards invoke the appellate, not original, jurisdiction of the district court. Rule 49, R.C.P., is not applicable in determining whether notice of appeal has been served within the statutory period provided for in condemnation appeals.

■ Appellate jurisdiction in condemnation proceedings cannot be conferred on the district court by consent. See Carmi-

chael v. Iowa State Highway Commission, supra.

■ As a result of appellants' failure to serve notice of appeal in substantial compliance with the statute the court did not have jurisdiction of the parties. The effect of a contrary holding would be to extend the time within which an appeal may be taken. This we cannot do. Bisenius v. Palo Alto County, supra, 256 Iowa at 200, 127 N.W.2d at 131.

The trial court was correct in sustaining the commission's special appearance.

II. As stated, appellants contend under their other assignment of error they were denied constitutional rights of equal protection and just compensation for their property. They argue that to hold these plaintiffs to a strict compliance with all provisions of chapter 472 in order to confer jurisdiction on the trial court and to require only partial compliance by the condemnees in Crawford v. Iowa State Highway Comm., 247 Iowa 736, 76 N.W.2d 187, and Bales v. Iowa State Highway Commission, supra, amounts to applying the same law differently to plaintiffs here than to plaintiffs in the cited cases; that such unequal protection denied plaintiffs opportunity to get just compensation for their property taken by the state.

■ Of course, a landowner is entitled to just compensation for his property taken for public use. City of Ottumwa v. Taylor, 251 Iowa 618, 623–624, 102 N.W.2d 376, 379. If he is dissatisfied with the assessment and desires to appeal to the district court he must substantially follow procedure prescribed by the legislature in order to claim the constitutional guarantee. In the event of his failure to do so the commissioners' award stands.

■ The right of appeal is not inherent or constitutional and may be granted or withheld by the legislature. Hubbard v. Marsh, 239 Iowa 472, 473, 32 N.W.2d 67; Bales v. Iowa State Highway Commission,

supra, 249 Iowa at 60, 86 N.W.2d at 246; and Griffel v. Northern Natural Gas Co., supra, 257 Iowa at 1145, 136 N.W.2d at 268.

In Harrington v. City of Keokuk, supra, we held the statutory procedure for perfecting an appeal to the district court in condemnation cases, although granted by the Iowa Constitution, was reasonably and properly limited by the provisions of chapter 472.

■ "Clearly, the legislature has the power to prescribe and fix the terms and conditions upon which condemnations may be made, including reasonable terms and conditions upon which the landowner may perfect his appeal to the district court [Citing authority]." 258 Iowa loc. cit., at 1047, 141 N.W.2d loc. cit., at 636.

A similar statement appears in Merritt v. Interstate Power Company, supra, Iowa, at 153 N.W.2d at 493:

"Section 472.18 does not deny plaintiffs' right to appeal the condemnation award to the district court. It merely prescribes the time limit and the procedure by which the appeal may be taken. The legislature properly enacted the procedural sections in chapter 472 of the Code. They must be followed by interested parties in order to claim the constitutional guarantee. It was plaintiffs' failure to follow the procedural requirements of section 472.18 to obtain district court review of the award that prevented the appeal, not any act of defendant."

So here it was plaintiffs' failure to follow the procedure set out in chapter 472 that prevented their having judicial determination of damages.

■ It is fair to assume the legislature was advised of this court's prior holdings extending over more than 13 years interpreting section 472.18 as expressing a legislative intent that appeals from condemnation awards invoke the appellate, not original, jurisdiction of the district court. It

would have specifically altered our interpretation if it so desired. Severs v. Abrahamson, 255 Iowa 979, 981, 124 N.W.2d 150, 151–152; State v. Stueve, Iowa, 150 N.W.2d 597, 599–600.

We believe the distinction made between Crawford v. Iowa State Highway Commission, supra, cited by appellants in support of a contention urged under this assignment and the facts in Scoular-Bishop Grain Company v. Iowa State Highway Commission, supra, is applicable here. We repeat the distinction:

"In Crawford the condemnation proceedings were instituted by the highway commission and the landowners sought to appeal from the award by notice on the highway commission by serving its chief engineer and the assistant attorney general. No notice was served on the sheriff of Carroll County where the land was situated. The highway commission's notice to dismiss was based solely on failure to serve the sheriff within the thirty days required by statute. * * * The Crawford case merely holds that when service of notice of appeal on the highway commission is required, service upon it under the provisions of section 472.19 is sufficient, the appealing landowner need not follow the procedures set out in section 613.9, or serve the sheriff for the reason stated at page 742 of 247 Iowa, page 190 of 76 N.W.2d." 258 Iowa loc. cit. at 1007, 140 N.W.2d loc. cit. at 118.

In Bales v. Iowa State Highway Commission, supra, the highway commission had instituted statutory proceedings to condemn certain land in Bremer County. In its original application the commission named plaintiffs as the holders of a life estate and three others, apparently owners of remainder interests. Within 30 days after the assessment of damages plaintiffs and no one else gave the commission and sheriff written notice they had taken an appeal to the district court from the assessment. The commission moved to dismiss plaintiffs' petition on the ground that, although it alleges they are the record title holders

of the land, Bales was in fact the holder of a life estate only, the remaindermen were indispensable parties to the appeal and it could not be taken by plaintiffs alone without notice of the appeal to the remaindermen.

The trial court ordered that the commission's motion be sustained unless within 20 days all parties to whom damages were awarded by the commissioners were served with notice and made parties of record.

Within the period plaintiffs amended their petition, alleging they were the sole owners in fee simple of all property sought to be awarded in the condemnation. Also within the 20-day period original notice of the filing of the petition as amended was served on the remaindermen. To the petition as amended the commission filed its second motion to dismiss upon the grounds stated in its first motion and the further ground in substance that the owners of the remainder interest must have joined in the appeal or been served with notice thereof within 30 days from the assessment of damages.

We held a motion to dismiss, like the old demurrer which is abolished by rule 67, R. C.P., admits the well pleaded facts in the pleading assailed for the purpose of testing their legal sufficiency. Thus allegations of plaintiffs' petition were considered admitted for that purpose. In that procedural situation we there assumed plaintiffs were the sole owners of the land, entitled to all damages to be awarded; that the remaindermen could not be considered adverse parties since it stood admitted they had no interest in either the land or the award and would not be prejudiced or adversely affected by a judgment which might be entered on appeal to the district court.

Nothing in Crawford or Bales supports appellants' contention they were denied constitutional rights of equal protection.

Appellants' second assignment is without merit.

The case is

Affirmed.

All Justices concur except BECKER, J., who dissents.

BECKER, Justice (dissenting).

I dissent.

In Carmichael v. Iowa State Highway Commission, Iowa, 156 N.W.2d 332, a similar case, I dissented but gave no reason. It seems proper to shortly note the reason now.

As long as the view expressed in Mazzoli v. City of Des Moines, 245 Iowa 571, 63 N.W.2d 218 is followed, the majority opinion must stand. Mazzoli v. City of Des Moines should be overruled and the reasoning of the dissent adopted. Adherence to the Mazzoli rule has, in my view, denied litigants their day in court on untenable technical grounds in at least three cases in the last three years. Carmichael v. Iowa State Highway Commission, supra; Scoular-Bishop Grain Co. v. Iowa State Highway Commission, 258 Iowa 1003, 140 N. W.2d 115 and Harrington v. City of Keokuk, 258 Iowa 1043, 141 N.W.2d 633 all cited in the majority opinion.

I would stop such inequities by abandoning a rule that appeared highly questionable when adopted.