James S. REEDER and Mary Ann Reeder,
Appellants,

v.

CITY OF CEDAR RAPIDS, Iowa, Appellee.

No. 54947.

Supreme Court of Iowa.

Sept. 19, 1972.

John D. Randall and John D. Randall,
Jr., Cedar Rapids, for appellants.

David F. McGuire, City Atty., Cedar
Rapids, for appellee.

HARRIS, Justice.

This condemnation appeal presents a
narrow question as to the sufficiency of a
notice of appeal. The trial court deter-
mined the notice to be insufficient. We
affirm.

Section 472.18, The Code, has long pro-
vided the right to appeal the findings of a
condemnation commission. It also pre-
scribes the notice to be given of such an
appeal, listing those upon whom such no-
tice shall be served. The section was
amended by chapter 266, Acts of 63rd Gen-
eral Assembly, First Session. The thrust
of the amendment was to add "lienholders"
to the listing of those entitled to the notice.

In connection with an urban renewal
project, property owned by the plaintiffs,
hereafter called Reeders, was condemned
by the city of Cedar Rapids. Proceedings
were instituted prior to July 11, 1969, the
date on which an award was fixed by the
condemnation commission. July 25, 1969
Reeders filed a petition of appeal in dis-
trict court. Within a few days thereafter
a notice under section 472.18, The Code,
was served on all required parties with one
claimed exemption.

The 1968 real estate taxes on the
property had not been fully paid. Under
section 445.28, The Code, these taxes were
a lien upon the real estate even though un-
der section 445.36, The Code, the second
half was payable any time before Septem-
ber 1, 1969. The parties are agreed the
county was a lienholder. Accordingly it
was entitled to notice of appeal.

The amendment effective May 20, 1969 contained a savings clause, section 2 of the Act, which provided in material part: "In all condemnation proceedings *pending* on the effective date of this Act * * *, *wherein the property owner has served a proper notice of appeal on the applicant for condemnation within the statutory period,* but has failed to serve notice of appeal on a lienholder within the statutory period * * *, such failure shall not deprive the court of jurisdiction * * *, unless a lienholder can show prejudice thereby, and in such instances the appeal * * *, is legalized and validated." (emphasis supplied)

"[T]o invoke the appellate jurisdiction of the district court the statute must be followed and notice of appeal must be given in substantial compliance with its terms." Carmichael v. Iowa State Highway Commission, Iowa, 156 N.W.2d 332, 335 and citations. " * * * failure to serve an adverse party within the time provided by section 472.18 is fatal to the jurisdiction of the district court." Griffel v. Northern Natural Gas Co., 257 Iowa 1140, 1145, 136 N.W.2d 265, 268.

Section 2 of the Act contains its own definition of cases "pending" so as to come under its protection. It expressly requires that notice of appeal shall have been given the condemnor by May 20, 1969, the effective date of the Act. It has no application to the Reeders, who had given no such notice then. They were nevertheless bound under section 1 of the amendment to give notice to all lienholders. They were not excused under the express limitations of section 2 of the Act from this requirement.

Accordingly the trial court was right in adjudging their appeal defective for lack of notice to the county as a lienholder. The judgment of the trial court must be and is hereby

Affirmed.

All Justices concur.